FILED & ENTERED

SEP 22 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**OPINION NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:11-bk-30025 RK |
| CHANG SUP HAN, | Chapter 7 |
| Debtor. | Adv. No. 2:11-ap-02632 RK |
| ALMA L. CASTRO; ANGELINA MARQUEZ JUAREZ, aka ANGELINA JUAREZ, and ROSA MARIA CAMACHO FERNANDEZ aka ROCIO FERNANDEZ, | MEMORANDUM DECISION ON PLAINTIFFS' APPLICATION FOR COSTS AND PLAINTIFFS' AMENDED MOTION FOR ATTORNEYS' FEES |
| Plaintiffs, | |
| vs. | |
| CHANG SUP HAN, | |
| Defendant. | |

        Pending before this court are the Plaintiffs' Application for Costs (ECF 71) and Plaintiffs' Amended Motion for Attorneys' Fees (ECF 96).  Having considered the costs application and amended fee motion and further argument and briefing of Plaintiffs and their counsel, the court now issues its rulings on the application and motion as set forth in this memorandum decision.

1

2

**BACKGROUND**

3      Plaintiffs first filed a motion for attorneys' fees and an application for costs on

4 September 9, 2013, and submitted a bill of costs and a second application for costs the

5 next day.  Plaintiffs are represented by the law firm of Weinberg, Roger & Rosenfeld, of

6 Alameda, California, and the attorneys' fees claimed for services rendered by lawyers

7 and other staff at this firm and costs of litigation incurred by the firm on behalf of Plaintiffs

8 in this case.  The court on its own motion continued the hearings on the amended fee

9 motion and costs application on October 1, 2013, to October 22, 2013, to avoid any

10 prejudice to defendant as the party to be assessed fees and costs under the fee and cost

11 requests because the adversary proceeding had been administratively closed at the time

12 the applications were filed and the adversary proceeding was not reopened until

13 September 24, 2013.  Plaintiffs subsequently filed their Amended Motion for Attorneys'

14 Fees on September 30, 2013, along with supporting declarations, which added fees

15 related to their appeal to the United States District Court, which had not been previously

16 included.   On October 15, 2013, Plaintiffs filed declarations asserting that no opposition

17 had been filed to the Amended Fee Motion or Plaintiffs' Application for Costs.  The court

18 took the rescheduled hearing on the applications off calendar due to the filing of the

19 Amended Fee Motion and the need to review the additional billing statements and issued

20 further scheduling orders resetting the hearing on the applications.

21      On March 13, 2014, the court issued an order setting forth its tentative ruling on

22 the merits of the fee and cost applications in the form of a draft memorandum decision.

23 This order provided that the parties in interest, Defendant, Plaintiffs and their respective

24 counsel, would be afforded an opportunity to file written responses to the court's tentative

25 ruling no later than April 18, 2014, with any reply due April 25, 2014. *Id. citing In re*

26 *Driscoll*, 2014 WL 465453, slip op. at *5 (9th Cir. BAP 2014) (unpublished memorandum

27 opinion).  Plaintiffs timely filed their response and a supporting declaration on April 17,

28

1    2014.  No reply was filed by defendant.  The court also conducted a hearing on June 10,

2    2014, to allow the parties in interest to present oral arguments on the tentative ruling.

3    Plaintiffs filed a post-hearing brief in support of the motion with supporting declarations on

4    June 24, 2014.  The court now issues its rulings in this memorandum decision.

5    **ANALYSIS**

6        Plaintiffs seek fees in the amount of $326,353.00 as the prevailing parties in this

7    adversary action to determine debt dischargeability under 11 U.S.C. § 523(a).  *Amended*

8    *Fee Motion* at 1:2-7, 2:14-18.  Plaintiffs also seek an award of costs in the amount of

9    $9,377.42.  *Plaintiffs' Application for Costs,* ECF 84.  A prevailing creditor in a 11 U.S.C.

10   § 523 action may recover a nondischargeable judgment for attorneys' fees and costs if

11   the creditor would be able to recover the fees and costs outside of bankruptcy under

12   applicable federal or state law.  *In re Dinan*, 448 B.R. 775, 785-786 (9th Cir. BAP 2011).

13   Calculation of attorneys' fees is governed by state law when the award is based on state

14   fee-shifting laws, such as those claimed by Plaintiffs here pursuant to California Labor

15   Code, § 1194(a) and California Code of Civil Procedure, § 1021.5.  *Graham-Sult v.*

16   *Clainos*, 756 F.3d 724, 751 (9th Cir. 2014), *citing, Northon v. Rule*, 637 F.3d 937, 938

17   (9th Cir. 2011).  Plaintiffs assert two separate statutory bases under California law for

18   their recovery of fees and costs in this action against defendant, California Labor Code, §

19   1194(a) and California Code of Civil Procedure, § 1021.5, which are discussed below.

20       This court's review of Plaintiffs' application for an award of attorneys' fees involves

21   an exercise of this court's judicial discretion in determining whether such an award should

22   be made under applicable state fee-shifting laws.  *Graham-Sult v. Clainos*, 756 F.3d at

23   751, *citing inter alia, Nichols v. City of Taft,* 155 Cal.App.4th 1233 (2007).[1]  The court

24

25       [1]  In *Graham-Sult,* the Ninth Circuit described the trial court's discretion in making awards under state fee-shifting

26   law as follows: "A trial court's exercise of discretion concerning an award of attorney fees will not be reversed unless
     there is a manifest abuse of discretion."  756 F.3d at 751, *quoting, Nichols v. City of Taft,* 155 Cal.App.4th 1233, 66
     Cal.Rptr.3d 680, 684 (2007).  "[R]eversal is appropriate where [1] there is no reasonable basis for the ruling or [2] the

27   trial court has applied the wrong test or standard in reaching its result."  *Id.,* 66 Cal.Rptr.3d at 685 (internal quotation
     marks omitted).

28

3

reviewed each and every billing entry and cost entry set forth on the billing statements of

the Weinberg, Roger & Rosenfeld law firm submitted in support of Plaintiffs' application

for costs and amended motion for attorneys' fees, and the court's analysis, commentary

and ruling on each and every entry is set forth in Exhibit 1 to this decision attached

hereto.  The court's examination of every billing and cost entry in the cost application and

the amended fee motion was labor-intensive and time-consuming because the entries

were voluminous and required additional work because multiple attorneys were working

on the case and the division of labor between the attorneys was not always clear from the

billing entries, which required the court to review the billing entries against the record of

proceedings, including a review of pleadings, orders and hearing transcripts in

proceedings in both the bankruptcy court and the district court.  In order to evaluate the

reasonableness of the fees for particular tasks, the court had to identify the attorneys who

worked on the tasks, and oftentimes, as discussed, multiple attorneys worked on the

same tasks, though the billing entries were not organized by task, but by billing attorney,

and therefore required the court to use its knowledge of the proceedings to determine

when different attorneys were working on the same task.  This was not as easy as it may

sound because the attorneys used different terminology in preparing billing entries and

the court had to interpret the different wording of billing entries for specific tasks.  In its

review of the billing entries of Plaintiffs' attorneys to determine the reasonableness of the

fees billed, the court has made specific rulings with explanatory commentary on each

entry which was disallowed in part or in whole.  For some entries, the court examined and

allowed in full without any reduction.   For some of these entries, the court had

considered them together with the partial or complete disallowance of other entries based

on a computation of the reasonableness of the amount of time billed for particular tasks.

Thus, there may have been full allowance of billing entries for particular tasks where

there was disallowance in part or in whole for the same tasks and, as the court attempted

to explain in the commentary, this was done because the court had made a computation

and determination of the reasonableness of the entire amount of time billed for a

1   particular task, which may have involved multiple billing entries by multiple attorneys.

2   The court determined that it was required to go to this level of detail because that

3   apparently is the expectation put upon a trial court to review an application for an award

4   of attorneys' fees.  As the Ninth Circuit has observed, trial courts "must show their work

5   when calculating [such awards]," *Padgett v. Loventhal,* 706 F.3d 1205, 1208 (9th Cir.

6   2013), and a trial "court acts within its discretion in awarding fees when the amount is

7   reasonable and the court fully explains its reasoning in making the award."), *McCown v.*

8   *City of Fontana,* 565 F.3d 1097, 1102 (9th Cir. 2009); *see also, Muniz v. United Parcel*

9   *Service, Inc.,* 738 F.3d 214, 227 (9th Cir. 2013) (M. Smith, J., concurring in part and

10  dissenting in part).

11          I.        **Reasonable Fees and Costs Are Awardable Pursuant to California**

12                    **Labor Code § 1194(a)**

13          Plaintiffs first seek an award of reasonable attorneys' fees and costs pursuant to

14  California Labor Code § 1194.  *Amended Fee Motion* at 3:20-5:20.  This statute awards

15  prevailing employees "reasonable attorneys' fees" and "costs of suit" on minimum wage

16  and overtime compensation claims.  California Labor Code § 1194(a).  Defendant's debt

17  owed to Plaintiffs was excepted from discharge under 11 U.S.C. § 523(a)(2)(A) on the

18  basis of Defendant's violation of minimum wage and overtime compensation laws.

19  *Judgment on Remand from United States District Court for Central District of California,*

20  ECF 67.  Plaintiffs' entitlement to an award of fees and costs under Labor Code § 1194 is

21  undisputed at this point, and the remaining issue to be determined is whether the fees

22  and costs sought are reasonable and should be granted in full, or if not, whether they

23  should be reduced.  The party seeking an award of attorneys' fees under California law

24  bears the burden to prove that the fees it seeks are reasonable.  *Gorman v. Tassajara*

25  *Development Corp.*, 178 Cal.App.4th 44, 98 (2009).

26                    **A.  Reasonableness of Attorneys' Fees Required**

27          Plaintiffs contend that the attorneys' fees sought are reasonable in light of the

28  extensive efforts by their attorneys to investigate the allegations regarding Defendant's

business practices, the work required to recreate Defendant's records from third-party

sources, and the work expended on discovery, trial, the appeal, and the subsequent

motions in this court to reopen the adversary proceeding and pursue this fee motion.

*Amended Fee Motion* at 10:22-27.  The Supreme Court of California has stated that a

trial court has broad authority to determine the amount of a reasonable fee.  *PLCM*

*Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (2000).  A "fee setting inquiry in California

ordinarily begins with the 'lodestar,' i.e. the number of hours reasonably expended

multiplied by the reasonable hourly rate."  *Id*.

Before analyzing the specific details of the amended fee application, the court has

general comments about the application.  This adversary case presented a relatively

straightforward action under 11 U.S.C. §§ 523(a)(2)(A), (4) and (6) because the

underlying debt was established through issue preclusion by Labor Commissioner

findings and Superior Court judgments, and the primary remaining issue for purposes of

11 U.S.C. §§ 523(a)(2)(A) and (a)(6) was that of the debtor's knowledge and intent.

The Weinberg, Roger & Rosenfeld law firm, plaintiffs' counsel, specializes in

labor and employment law, not bankruptcy law, and this became apparent to the court

through the course of the proceedings. The law firm did not refer the bankruptcy matter to

a law firm that specializes in bankruptcy law, and instead handled the matter itself.

Instead of focusing on the elements of plaintiffs' claims under 11 U.S.C. §§

523(a)(2)(A), (a)(4) and (a)(6), the law firm attempted to reprove defendants' violations of

the California Labor Code, even though that had already been determined by the Labor

Commissioner.  See Complaint, ECF 1; Plaintiffs' Trial Brief, ECF 27; Colloquy between

counsel and court at trial, Audio Recording, September 13, 2012 at 10:55-11:19 a.m.  For

example, the court ordered the law firm to supplement plaintiffs' trial brief because the

original trial brief did not address the merits of the elements of the claims pleaded in the

adversary complaint under the Bankruptcy Code, and to the extent that they were relying

upon the doctrines of issue or claim preclusion based on the Labor Commissioner's

determinations, the original trial brief did not address those doctrines either.  *Id., Colloquy*

1  between counsel and court at trial, Audio Recording of Trial, September 13, 2012 at

2  10:55-11:00 a.m. and 11:18-11:19 a.m.

3       The litigation was not complex.  The elements to determine dischargeability under

4  11 U.S.C. 523(a)(2)(A), (a)(4) and (a)(6) are well established.

5       The elements of a claim under 11 U.S.C. § 523(a)(2)(A) based on false pretenses,

6  false representation or actual fraud require Plaintiff to prove: (1) Defendant made a

7  representation; (2) Defendant knew the representation was false at the time he or she

8  made it; (3) Defendant made the representation with the intent to deceive; (4) Plaintiff

9  justifiably relied upon the representation; and (5) Defendant sustained losses as a

10  proximate result of the misrepresentation having been made.  *Ghomeshi v. Sabban (In re*

11  *Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010); *see also,* 4 March, Ahart and Shapiro,

12  *California Practice Guide: Bankruptcy*, ¶ 22:452 at 22-65 (2015).

13       The elements of a claim under 11 U.S.C. § 523(a)(4) based on fraudulent breach

14  of fiduciary duty require Plaintiff to prove: (1) Defendant was acting in a fiduciary

15  capacity; and (2) while acting in that capacity, the debtor engaged in fraud.  *Lovell v.*

16  *Stanifer (In re Stanifer)*, 236 B.R. 709, 713 (9th Cir. BAP 1999); *see also*, 4 March, Ahart

17  and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 22:607 at 22-87.

18       The elements of a claim under 11 U.S.C. § 523(a)(6) require Plaintiff prove that

19  Defendant both "willfully" and "maliciously" inflicted injury upon Plaintiff.  *Ormsby* v. *First*

20  *American Title Co. of Nevada* (*In re Ormsby*), 591 F.3d 1199, 1206 (9th Cir. 2010); *see*

21  *also,* 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy*, ¶ 22:670 at 22-

22  97.  Under 11 U.S.C. § 523(a)(6), the "willful injury" requirement is met when Plaintiff

23  proves that the debtor had a subjective motion to inflict the injury or the debtor believed

24  the injury was substantially certain to occur as a result of his or her conduct.  *Petralia v.*

25  *Jercich* (*In re Jercich*), 238 F.3d 1202, 1208 (9th Cir. 2001); *In re Ormsby*, 591 F.3d at

26  1206.  Further, the "malicious injury" requirement is met when Plaintiff proves that

27  Defendant committed: (1) a wrongful act; (2) done intentionally; (3) that necessarily

28

1  causes injury; and (4) that is committed without just cause or excuse.  *In re Jercich*, 238

2  F.3d at 1209.

3      The Labor Commissioner had already found that defendant violated various

4  provisions of the Labor Code, and that determination was entitled to preclusive effect,

5  although plaintiffs' counsel did not brief the issue at the outset of the case.

6      Because of the Labor Commissioner's determination, the substantive issue in the

7  debt dischargeability proceedings in this court was not whether defendant violated the

8  California Labor Code, but whether he acted with fraudulent and/or willful and malicious

9  intent in violating the law by denying the workers meal and rest breaks.

10     In their trial briefs, plaintiffs' counsel argued that defendant "willfully" failed to pay

11  them pay for overtime work, "willfully" failed to provide them with duty-free meal breaks

12  and "willfully" failed to pay all wages earned and unpaid upon an employee's discharge.

13  Plaintiffs' Trial Brief, ECF 27 at 3.  Although their trial briefs stated that defendant acted

14  willfully, at trial plaintiffs' counsel did not ask defendant any questions regarding

15  defendant's knowledge of the applicable labor laws or his intent in violating them, and

16  instead focused on the violations themselves.  For example, plaintiffs' counsel spent time

17  questioning defendant about whether defendant's car was moving as he transported his

18  employees between job sites or whether the employees were required to provide their

19  own equipment on the job. Testimony of Chang Sup Han, Audio Recording, September

20  13, 2012 at 9:53-9:56 a.m. and 10:01-10:02 a.m. Presumably, plaintiffs' counsel was

21  attempting to show that defendant had violated California's labor laws, but, as described

22  above, this had already been determined, and these questions had no direct relevance to

23  a dischargeability determination under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).

24     Plaintiffs' claim under 11 U.S.C. § 523(a)(4) that defendant fraudulently breached

25  a fiduciary duty to plaintiffs as their employer or embezzled funds from them lacked legal

26  merit.  Plaintiffs' counsel at trial conceded that they had no legal authority for asserting a

27  claim for breach of fiduciary duty based on the employer-employee relationship, which

28  was later held by the Ninth Circuit not to be a valid theory in *Bos v. Board of Trustees,*

8

1   795 F.3d 1006 (9th Cir. 2015).   Colloquy between counsel and court at trial, Audio

2   Recording, September 13, 2012 at 11:14-11:15 a.m.

3          Plaintiffs' claim under 11 U.S.C. § 523(a)(6) was that defendant willfully and

4   maliciously injured them in his "deliberate non-payment of wages and benefit

5   contributions for off-the-clock overtime and weekend work hours supports

6   nondischargeability under [11 U.S.C.] § 523(a)(6)."  Similarly to the claim under 11 U.S.C.

7   §523(a)(2)(A), establishing liability under this claim required plaintiffs to produce evidence

8   regarding defendant's intent, and not the underlying labor violations, but plaintiffs'

9   counsel focused on the labor violations.

10         In sum, plaintiffs' counsel were specialists in employment law, and had

11  successfully proven that defendant violated California's labor laws before the Labor

12  Commissioner.  In this court, faced with an unfamiliar legal problem – dischargeability

13  under the Bankruptcy Code – plaintiffs' counsel focused on what they knew, and

14  attempted to reprove defendant's violations of California's labor laws instead of proving

15  defendant's intent or willfulness, which was the only issue relevant to dischargeability in

16  this proceeding. This failure to identify and focus on the relevant issues resulted in

17  significant overbilling, which the court describes in more detail below and in Exhibit 1 to

18  this memorandum decision.

19         In this memorandum decision and its analysis, rulings and commentary in the

20  attached Exhibit 1, the court identifies specific concerns with the fee applications

21  regarding excessive, duplicative or otherwise unreasonable billing.  The problems include

22  block billing or lumping of time entries into a single entry for each day, which makes it

23  impossible for the court to determine exactly how much of the claimed time is reasonable

24  and appropriate for specific tasks, the excessive time spent on particular tasks and the

25  multiple assignment of attorneys for particular tasks, including conferences, billing in

26  minimum increments of quarter hours rather than tenths, and fees for basic legal

27  research, such as research of court procedures and rules.  The court will briefly discuss

28  herein its concerns and findings regarding the reasonableness of time expended; these

9

concerns are discussed in great detail in the court's analysis, rulings and commentary on each billing and cost entry submitted by Plaintiffs' counsel in Exhibit 1 to this decision, and the court refers the reader to that exhibit for a full understanding of the court's reasoning.

### 1. Computation of the "Lodestar" and Whether Requested Hours Were Reasonably Expended

Plaintiffs' declarations and attorney billing statements from the Weinberg, Roger & Rosenfeld law firm indicate that the attorneys' fees they are requesting to be awarded them were calculated under the lodestar method by applying the attorneys' regular hourly rates to the hours expended by the attorneys on the case. *Raisner Declaration* at ¶¶ 2-4 and 22; Exhibit 1. The work in this adversary proceeding before this court was primarily performed by Attorney Jordan D. Mazur (263.25 hours at $375.00 per hour, or $98,718.75) and Attorney Christian L. Raisner (90.75 hours at $645.00 per hour, or $58,533.75). *Amended Fee Motion* at 11:18-25. Attorney Emily P. Rich also performed 44.4 hours of work at $595.00 per hour for a total of $26,418.00. *Id.* The appellate work before the United States District Court was primarily performed by the same attorneys at those same hourly rates: Attorney Jordan D. Mazur (89.25 hours totaling $33,468.75), Attorney Christian L. Raisner (96.75 hours totaling $62,403.75), and Attorney Emily P. Rich (37.25 hours totaling $22,163.75). *Id.* at 11:25-28. Mr. Mazur served as lead counsel at all stages of the litigation, although Ms. Rich was one of the primary authors of the appellate brief. *Raisner Declaration* at ¶¶ 11 and 13.

### 2. Unreasonable, Excessive, and Duplicative Work

The attorneys' fees incurred and sought to be awarded must be reasonably necessary to the conduct of the litigation. *Robertson v. Fleetwood Travel Trailers of California*, 144 Cal.App.4th 785, 817-818 (2006). "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Meister v. Regents of University of California*, 67 Cal.App.4th 437, 447-448 (1998), *citing, Serrano v. Unruh*, 32 Cal.3d 621, 635 (1982).

1  "Padding" through inefficient or duplicative efforts is not subject to compensation.

2  *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001).  An unreasonably excessive fee may

3  be denied entirely because to do otherwise would encourage misconduct (as the only

4  consequence would be reduction to the fee the applicant was originally entitled to).

5  *Meister v. Regents of University of California,* 67 Cal.App.4th at 448.  After reviewing the

6  billing entries submitted by the Plaintiffs' attorneys in this case, it is not clear that all of the

7  hours reported and claimed by the attorneys were "reasonably" expended.

8       The court's concerns about reasonable fees relate to the billing entries for services

9  rendered by all of the attorneys, but particularly those submitted by Mr. Mazur.  These

10 concerns are specifically raised and discussed in the court's analysis, rulings and

11 commentary set forth in Exhibit 1 attached to this decision.  However, the court briefly

12 describes its general concerns herein.  First, every single entry by Mr. Mazur contains an

13 entry for "Review of file/documents" even though the entries are often separated by one

14 or only a few days.  *Raisner Declaration,* Exhibit 1.  It is impossible for the court to

15 determine how much time was devoted to this activity because counsel lumps his time

16 entries into a single entry per day and does not separate distinct activities. Regardless, it

17 is difficult for the court to see why an attorney would need to review the client's file *every*

18 *single time* he works on the case as if he had no independent memory of the case.

19 Plaintiffs argue that these entries are proper because an attorney working on a file would

20 usually need to review produced or obtained documents, and that the focus would not be

21 on the same documents each day.  *Plaintiffs' Tentative Ruling Response* at 6:24-7:3.

22 They contend that the notations do not mean that he reviewed the entire file each day.

23 *Id.*  The only evidence to support this contention is Ms. Rich's testimony that Mr. Mazur

24 had an excellent memory and she believes the notation indicated that he reviewed some

25 documents in the case.  *Rich Declaration* at ¶ 18.  Mr. Mazur's time entries do not

26 necessarily support that argument because he also includes entries for review of specific

27 discovery documents or communications on several dates.  *See Raisner Declaration* at

28 Exhibit 1.  It seems more likely that Mr. Mazur was actually reviewing the client file every

1    day, which was unnecessary, or that he was padding his time entries by including this

2    notation when there was no such review, which most likely appears to be the case.  Time

3    billed by Mr. Mazur for file review each and every time he worked on the case seems

4    excessive, and the court will make a reduction for this as set forth herein.

5         The court also notes that the lawyers, and Mr. Mazur in particularly, have repeated

6    entries for research on court procedures, the complaint, bankruptcy, discovery required,

7    discovery deadlines, status conferences, interrogatories, summary judgment (when no

8    such motion was filed), depositions, discovery remedies, declarations, trial procedure,

9    and trial, which should not be charged.    *Raisner Declaration,* Exhibit 1.  The specific

10   billing entries which relate to this issue are identified in the court's analysis, rulings and

11   commentary in Exhibit 1 attached hereto.  Attorneys are expected to know elementary

12   principles of law that are commonly known by well-informed attorneys, and to discover

13   those additional rules of law that may readily be found by standard research techniques,

14   and should not excessively bill for acquiring such knowledge.  *Camarillo v. Vaage*, 105

15   Cal.App.4th 552, 561 (2003).   An award of attorneys' fees cannot be reasonable if that

16   fee could not ethically be charged to a client.  Time billed for such basic research is

17   unreasonable and the court will make a reduction as set forth herein.   These entries

18   suggest that the billing lawyers were new or unfamiliar with bankruptcy court practice or

19   federal court practice in general, and were using this case for training purposes to learn

20   basic federal litigation practices, and should not be ethically charged to a client or to an

21   opposing party under a fee-shifting statute.  The court is mindful that defendant is not a

22   sympathetic litigant in that he had been found to have shortchanged his workers by the

23   Labor Commissioner to, but if the burden of payment of attorneys' fees and costs are

24   shifted to him under the California fee shifting statutes, which the court determines to be

25   appropriate in principle, such fees and costs must be reasonable, and that if for some

26   reason, defendant does not pay the award of attorneys' fees and costs due to lack of

27   collectability or other reason, then plaintiffs as the clients of the firm remain contractually

28

1   liable for the fees and costs charged by the firm, and it seems to the court that such fees

2   and costs that they may owe should be reasonable and ethically charged as well.

3                  **3.  Block Billing, "Lumping," and Vague Descriptions**

4         Another significant problem with the attorneys' billing entries is block billing and

5   lumping of services into a single time entry for the day.  "Block billing" or "lumping" of time

6   entries may not be objectionable *per se,* but it can exacerbate vagueness in a fee request

7   and it is "a risky choice since the burden of proving entitlement to fees rests on the

8   moving party." *Christian Research Institute v. Alnor*, 165 Cal.App.4th 1315, 1325 (2008),

9   *citing, ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 1020 (2001).  Vague, block-

10   billed time entries inflated with noncompensable time can harm an attorney's credibility

11   with the court, which is his or her chief asset in submitting a fee request.  *Christian*

12   *Research Institute v. Alnor,* 165 Cal.App.4th at 1325-1326.  The court may disallow

13   attorneys' fees when the billing entries are vague and do not allow the court to determine

14   the reasonableness of the work performed.  *Id*. at 1324-1326.

15         A fee applicant cannot "submit a plethora of noncompensable, vague, blockbilled

16   attorney time entries and expect particularized, individual deletions as the only

17   consequence" and the court has the power to disallow fees entirely or partially to

18   discourage the making of unreasonable fee demands.  *Christian Research Institute v.*

19   *Alnor,* 165 Cal.App.4th at 1329.  "Trial courts retain discretion to penalize block billing

20   when the practice prevents them from discerning which tasks are compensable and

21   which are not." *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal.App.4th 972, 1010-

22   1011 (2013).

23         Discussing federal law, the Ninth Circuit Bankruptcy Appellate Panel has also

24   expressed disapproval of lumping and block billing.  "[L]umping or clumping is universally

25   discouraged by bankruptcy courts because it permits an applicant to claim compensation

26   for rather minor tasks which, if reported separately, might not be compensable." *In re*

27   *Stewart*, 2008 WL 8462960, slip op. at *6 (9th Cir. BAP 2008) (unpublished memorandum

28   opinion) *citing In re Auto. Warranty Corp.,* 138 B.R. 72, 74 (Bankr.D.Colo.1991).  "When

1  services are lumped together, the bankruptcy court is prevented from determining the

2  necessity of each service and 'from fairly evaluating whether individual tasks were

3  expeditiously performed within a reasonable period of time.'" *Thomas v. Namba (In re*

4  *Thomas)*, 2009 WL 7751299, slip op. at *5 (9th Cir. BAP 2009) (unpublished

5  memorandum opinion), *quoting, In re Hudson*, 364 B.R. 875, 880 (Bankr. N.D.N.Y. 2007).

6  "When fee applications are submitted with a portion or all of the requested fees based on

7  lumped entries, courts may reduce, rather than disallow, compensation." *In re Thomas*,

8  2009 WL 7751299, slip op. at *6 *citing In re Welch*, 480 F.3d 942, 946 (9th Cir. 2007).

9       Here, the court finds that the attorneys' credibility has been harmed[2] because their

10  time entries are frequently vague (i.e. "legal research re: discovery") and the block billing

11  or lumping of time entries makes it impossible to tell what amount of time is allotted to

12  each task or to separate compensable tasks from those that are not.  Many of the billing

13  entries are vague in describing the services rendered or reflect work for basic research,

14  or both, such as research on court procedures or "bankruptcy."  *Raisner Declaration,*

15  Exhibit 1.  It is difficult for the court to assess the reasonableness of the fees if the

16  description of the services are vague, and the court will make specific reductions based

17  on the failure to adequately describe the services rendered.

18       While the court finds the attorneys' requested fees to be excessive, unreasonable,

19  and vague, all of which are made worse by the block-billing or lumping of time entries, it

20  does not find their actions to be so egregious as to warrant disallowing fees entirely.  The

21  court will therefore reduce fees as to specific block billed or lumped entries as set forth in

22  this order.

23                 **4.  Identification of Specific Tasks**

24       In its review of the attorneys' billing entries, the court was able to identify certain

25  tasks which were representative of the problems it found throughout the motion for

26

27  [2]  The court also notes an apparent coincidence that Mr. Mazur billed three consecutive days of exactly 10 hours each on May 14, 2013, May 15, 2013, and May 16, 2013, in connection with the appeal in this case. *Raisner Declaration*, Exhibit 1 at 24.

28

1    attorneys' fees.  For example, Plaintiffs' attorneys spent approximately 20 hours, billed by

2    four different attorneys, researching and responding to an order to show cause issued by

3    the district court on appeal for failure to timely file a designation of record and a

4    statement of issues on appeal.[3]  See case number 2:13-cv-01524-ODW, ECF 9.

5    Responding to an order to show cause for failing to timely file those documents should

6    not require 20 hours of billable time, and asking for attorneys' fees for such work is

7    particularly egregious when it is the attorneys' own fault that the order to show cause was

8    issued in the first place.

9         Plaintiffs' attorneys also billed over 15 hours of time for researching, drafting, and

10   filing a motion to reopen the adversary proceeding in the bankruptcy court after entry of

11   the order from the district court remanding the case.  Such an excessive time spent on a

12   relatively simple motion warrants the application of a negative lodestar when an attorney

13   with bankruptcy experience would have spent a fraction of the time on such a motion.

14        Finally, the court notes that Plaintiffs' attorneys spent over 50 hours on work

15   related to the statement of issues on appeal and designation of record, entirely apart from

16   time spent on the opening appellate brief.  In the court's view, this amount of time is

17   excessive and entirely unreasonable for the complexity of the mostly administrative work

18   involved.

19                    **B. Costs**

20        Plaintiffs also request an award of costs in the amount of $9,377.42 as the

21   prevailing party pursuant to Federal Rule of Bankruptcy Procedure 8014, which

22   incorporates Federal Rule of Civil Procedure 54, and Local Bankruptcy Rule 7054-1.

23   *Plaintiffs' Application for Costs* at 2:1-18.  California Labor Code § 1194(a) also permits

24   an award of "costs of suit."  The costs requested appear to be actual, necessary,

25   supported by credible evidence, and in accordance with allowable costs as set forth in

26   _____

27   [3] The court is particularly troubled by the five hours it apparently took Mr. Raisner and Ms. Rich to draft and file a request for extension of time to file its opening brief on appeal, billed on May 10, 2013.

28

1    Court Manual Section 2.8(e) and Local Bankruptcy Rule 7054-1. Therefore, the court will

2    award the costs as requested in the amount of **$9,377.42** under California Labor Code §

3    1194(a).

4    **II.    Attorneys' Fees and Costs Pursuant to California Code of Civil**

5    **Procedure § 1021.5**

6    Plaintiffs also assert that they should be awarded attorneys' fees under California

7    Code of Civil Procedure § 1021.5 because their actions benefitted the public.  *Amended*

8    *Fee Motion* at 5:21-10:8.  That statute provides for an allowance of attorneys' fees to the

9    prevailing party in an action that "resulted in enforcement of an important right affecting

10   the public interest" if (1) a significant benefit has been conferred on the general public or

11   a large class of people, (2) an award is appropriate due to the necessity and financial

12   burden of private enforcement, and (3) the fees should not be paid out of the recovery in

13   the interest of justice.  California Code of Civil Procedure, § 1021.5.  In the event that the

14   court finds that any one of the statutory criteria is not met, this is sufficient to deny fees

15   and a court need not make findings as to the remaining criteria.  *Satrap v. Pacific Gas &*

16   *Electric Company,* 42 Cal. App.4th 72, 80-81 (1996).  Here, the court determines that

17   Plaintiffs' claim for attorneys' fees under § 1021.5 succeeds because Plaintiffs' lawsuit

18   satisfies each requirement under § 1021.5

19   **A.  Significant Benefit Conferred on a Large Class of People**

20   Plaintiffs argue that their lawsuit benefitted a large class of people because the

21   finding of nondischargeability in this case will show other workers that justice can be

22   achieved and encourage attorneys to represent victims of wage fraud in

23   nondischargeability actions.  *Amended Fee Motion* at 8:17-9:3.  The court is also

24   persuaded by the testimony by declaration of Lilia Garcia-Brower, who is experienced in

25   this area by virtue of her role as the Executive Director of the Maintenance Cooperation

26   Trust Fund, a statewide janitorial watchdog organization.  *Garcia-Brower Declaration*,

27   ECF 99, at ¶ 2 and 8.

28

1   California courts have held that the "significant benefit . . . conferred on the

2   general public or a large class of persons" element is met when "the cost of the claimant's

3   legal victory transcends his personal interest—that is, when the burden of the litigation

4   was disproportionate to the plaintiff's individual stake in the matter." *Monterey/Santa*

5   *Cruz County Building & Construction Trades Council v. Cypress Marina Heights LP*, 191

6   Cal. App. 4th 1500, 1523 (2011), *citing Roybal v. Governing Board of Salinas City*

7   *Elementary School District*, 159 Cal.App.4th 1143, 1151 (2008). Here, counsel for

8   Plaintiffs succeeded in rendering nondischargeable judgments totaling $95,421.59

9   awarded to Plaintiffs by the Labor Commissioner.[4]  Even considering the reduced fee

10  award resulting from the court's deductions, the burden of litigation, represented here by

11  an award of attorneys' fees and costs to Plaintiffs' attorneys, exceeds the Plaintiffs'

12  individual stakes in the matter.

13   In determining that the lawsuit has benefitted a large class of people, the court is

14  again persuaded by the testimony by declaration of Lilia Garcia-Brower. Garcia-Brower

15  competently testifies to the large number of janitors in California (some 229,000) and the

16  significant problems they face upholding their rights under California's labor laws. *Id.* at

17  ¶¶ 3-5.  The court also notes that these kinds of wage claims are becoming quite

18  common in California and, according to one study cited by Plaintiffs' counsel, only "17

19  percent of California workers who prevailed in their wage claims before the DLSE

20  [California's Division of Labor Standards Enforcement] and received a judgment were

21  able to recover any payment at all between 2008 and 2011."[5]   To the extent a finding of

22  nondischargeability sways the behavior of other employers in California, Plaintiffs have

23  conferred a significant benefit on a large class of people.

24

25

---

[4] $34,323.62 to Castro, $48,253.76 to Juarez, and $12,844.21 to Fernandez. *Castro Decision,* Exhibit 4;
*Juarez Decision*, Exhibit 6; *Fernandez Decision*, Exhibit 8

[5] E. Cho, T. Koonse & A. Mischel, "Hollow Victories, The Crisis in Collecting Unpaid Wages for California
Workers" (http://nelp.3cdn.net/f6fc363a30266f0cd3_pzm6id1xa.pdf)

1    Based on the above reasons, the court determines that the first element under

2  California Civil Code § 1021.5 is met.

3    **B. The Necessity and Financial Burden of Private Enforcement Make**

4    **and Award of Attorneys' Fees and Costs Appropriate**

5    Plaintiffs argue that this element is met because "[n]o state agency can be

6  expected to pursue these Labor Commissioner judgments via nondischargeability

7  proceedings in bankruptcy court.  No governmental agency or non-profit organization

8  pursued the case on behalf of the Plaintiffs. Likewise, no attorneys made an offer to

9  handle the case pro bono." *Plaintiffs Amended Motion for Attorneys' Fees* at 10:5-8.

10  California courts have found this element to be satisfied when plaintiffs produced

11  evidence that no public agency was willing to pursue the litigation and the cost of

12  litigation was high.  *Monterey/Santa Cruz County Building & Construction Trades Council*

13  *v. Cypress Marina Heights LP*, 191 Cal.App.4th at 1523 ("plaintiffs' enforcement action

14  was necessary because no public agency was willing to pursue this litigation…These

15  findings were supported by the evidence.")   Again, the court is persuaded that the

16  "necessity" prong of this element is met based on the testimony of Ms. Garcia-Brower,

17  who testifies to the difficulty other low-wage workers have had in obtaining competent

18  counsel and enforcing and collecting judgments because most lawyers are unfamiliar

19  with bankruptcy laws. *Garcia-Brower Declaration* ¶ 7.  The court is further persuaded

20  that the "high cost" prong of this element is met by the high fees and costs incurred by

21  Plaintiffs, described in detail above, in pursuing this nondischargeability action, thus

22  meeting both the "necessity" and the "financial burden" prongs of this element.

23    **C. It Would Be Unjust To Have the Fees Paid Out of the Recovery**

24    Few California cases discuss this element in any detail, and Plaintiffs have not

25  cited any which do so.  The court in *Cutler v. Franchise Tax Board*, 229 Cal.App.4th 419

26  (2014) stated that "the cases that find attorney fees should be paid out of the recovery

27  are uniformly cases where a fund has been created—a fund containing money besides

28  the amount due to the plaintiff—from which fees could be paid." *Id.* at 303.  Because this

18

1    case did not lead to the creation of a "common fund," the court finds this element

2    satisfied.

3          **D.  Fees and Costs Awarded Under § 1021.5 Must Be Reasonable**

4      Fees and costs awarded under California Code of Civil Procedure § 1021.5 are

5    subject to the same lodestar analysis as those awarded under other California fee-

6    shifting statutes.  *See Northwest Energetic Services., LLC v. California Franchise Tax*

7    *Board*, 159 Cal.App.4th 841, 879 (2008), as modified on denial of rehearing (2008)

8    (applying lodestar analysis in reviewing an award of attorneys' fees under California

9    Code of Civil Procedure, § 1021.5).  Moreover, California courts have held that in

10    awarding fees under § 1021.5, as with any other fee-shifting statute, "the predicate of any

11    attorney fee award, whether based on a percentage-of-the-benefit or a lodestar

12    calculation, is the **necessity and usefulness** of the conduct for which compensation is

13    sought."  *Thayer v. Wells Fargo Bank, N.A.*, 92 Cal.App.4th 819, 846 (2001) (emphasis

14    added).  In *Thayer*, the court, while reviewing an award of attorneys' fees under § 1021.5,

15    determined that it is in the public interest to "strongly discourage" attorneys from seeking

16    fees awards for "duplicative work that was neither difficult nor particularly productive,

17    involved little or no risk, may well have delayed settlement, and seems to have been

18    primarily designed to line counsel's pockets. . . ." *Id.*

19      The court's analysis above and individualized scrutiny of the submitted billing

20    entries applies equally to an award of attorneys' fees and costs under California Code of

21    Civil Procedure § 1021.5, and Plaintiffs' recovery would be the same under either section.

22      **III.  Conclusion**

23      For the foregoing reasons, the court approves the applications for fees and costs

24    submitted by Plaintiffs as set forth herein and awards professional fees and costs of

25    **$138,866.50** for services rendered and **$9,377.42** for costs, for a total of **$148,243.92**,

26    pursuant to California Labor Code § 1194(a) and California Code of Civil Procedure §

27    1021.5.  In determining the appropriate award for professional fees, the court has

28    analyzed the timesheets submitted by Plaintiffs, attached as Exhibit 1 to the Raisner

1    Declaration, and revised the time allowed for individual billing entries in accordance with

2    the standards set forth above.  As discussed previously, the court's analysis, rulings and

3    commentary on all of the billing entries is attached as Exhibit 1 to this decision.  Although

4    the Raisner Declaration does not provide billing rates for each professional involved, the

5    court used the rate provided in the table in the Amended Motion.  ECF 96 at 11:18-12:4.

6    When no billable rate was given for a timekeeper, for example, timekeeper "ERN," the

7    court assumed an hourly rate of $300 per hour.  Any reduction in hours billed by these

8    professionals would be multiplied by $300 and then subtracted from the total amount

9    requested by Plaintiffs.  The court further determines that these awarded amounts are

10   excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) in accordance with the

11   judgment entered in this case on August 9, 2013.  *See Cohen v. de la Cruz,* 523 U.S.

12   213, 223 (1998).

13          This memorandum decision constitutes the court's findings of fact and conclusions

14   of law.  A separate order on the application for costs and the amended motion for

15   attorneys' fees partially awarding attorneys' fees and costs for the reasons set forth in

16   this memorandum decision is being entered concurrently herewith.

17          IT IS SO ORDERED.

18                                         ###

19

20

21

22

23

24   Date: September 22, 2015                 _____

25                                            Robert Kwan
                                             United States Bankruptcy Judge
26

27

28

# Exhibit 1

The court's rulings on specific billing entries.  The court's rulings are in bold.

*In re:  Chang Sup Han*
**United States Bankruptcy Court-Central-Los Angeles**
**Bankruptcy Case No. 11-30025-EC**
**Adversary Proceeding No. 11-02632-EC**

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Recio

## Professional Time Records

Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|

Initials: CLR

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 8/7/2011 | CLR | Analysis of worker claims and bankruptcy case | 1.25 |
| 8/10/2011 | CLR | Prepare and file request for special notice in bankruptcy chapter 7 case; review of court docket and file re same; legal research re Nondischargeability | 2.00 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work; noncompensable basic research; time billed excessive for task; some allowance to prepare special notice and review docket. Allowed time: 0.60]** | |
| 8/11/2011 | CLR | Review of retainers; review of case information; translation arrangements | 3.00 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work; noncompensable basic research; some allowance for file review and translation arrangements. Allowed time: 1.00]** | |
| 8/15/2011 | CLR | Prepare and file adversary complaint in bankruptcy case | 3.00 |
| 9/12/2011 | CLR | Prepare agreements with clients; information re same | 1.50 |
| 10/11/011. | CLR | Review and revise joint Case Management Conference statement; send to bankruptcy counsel; planning | 1.00 |
| 11/14/2011 | CLR | Review and revise interrogatories and other discovery | 2.25 |
| 12/13/2011 | CLR | Review of documents in bankruptcy case and adversary proceeding | 0.50 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work, lack of necessity for task. Allowed time: 0.00]** | |
| 12/27/2011 | CLR | Review of bankruptcy case and adversary proceeding discovery | 0.75 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work, lack of necessity for task. Allowed time: 0.00]** | |
| 1/28/2012 | CLR | Review of documents and case; message to Kenia Rivera re discovery | 1.75 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work, lack of necessity for task. Allowed time: 0.20]** | |
| 2/1/2012 | CLR | Case planning | 0.50 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work. Allowed time: 0.00]** | |
| 2/2/2012 | CLR | Research issue of disclosure of docs in labor commissioner proceedings, related document disclosure issues | 1.25 |
| | | **[Ruling: Disallowed in part. Time billed excessive for task; vague, insufficient description of work; some allowance for work on evidence issue. Allowed time: 0.50]** | |

| 2110/2012 | CLR | Review of reassignment of case to Judge Kwan; instructions | 0.50 |
|---|---|---|---|
| | | **[Ruling: Disallowed in part. Time billed excessive for task; vague, insufficient description of work; noncompensable basic research; some allowance for docket reviewwork on evidence issue.  Allowed time: 0.10]** | |
| 6/5/2012 | CLR | Review of trial preparations | 0.50 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work; lack of necessity for task; duplication of work since attorney not primary litigation counsel.  Allowed time: 0.00]** | |
| 6/21/2012 | CLR | Review and analysis of defendant's objections to evidence | 1.00 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work; lack of necessity for task; duplication of work since attorney not primary litigation counsel.  Allowed time: 0.00]** | |
| 6/28/2012 | CLR | Notice of trial date; review of trial preparations | 1.00 |
| | | **[Ruling: Disallowed in part. Time billed excessive for task; vague, insufficient description of work; lack of necessity for task; some allowance to calendar trial date.  Allowed time: 0.10]** | |
| 7/12/2012 | CLR | Review of preparations for trial | 1.00 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work; lack of necessity for task; duplication of work since attorney not primary litigation counsel.  Allowed time: 0.00]** | |
| 9/5/2012 | CLR | Prepare Plaintiffs' Trial Brief; legal research and fact research regarding same | 2.50 |
| 9/6/2012 | CLR | Prepare and file Plaintiffs' Trial Brief; legal research and fact research regarding same | 4.25 |
| 9/12/2012 | CLR | Research to support trial  re 523(a)(6) claim and issue of failure to maintain payroll records | 1.75 |
| 10/18/2012 | CLR | Prepare trial brief | 4.25 |

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Rocio

## Professional Time Records

Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 2/15/2013 | CLR | Prepare analysis of ruling and recommendation re appeal | 5.25 |
| 3/8/2013 | CLR | Draft statement of issues on appeal, designation of record | 3.75 |
| 3/10/2013 | CLR | Review of factual findings and trial brief, research record for issues on appeal; prepare statement of issues to be presented on the appeal; prepare designation of record on appeal | 6.50 |
| 8/11/2013 | CLR | Review of judgment on remand; analysis of effect; planning next steps; research local rules re attorney fees and costs; research procedures re same | 1.75 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work; noncompensable basic research; some allowance for work on litigation strategy.  Allowed time: 1.00]** | |
| 8/30/2013 | CLR | Research law re motion for attorneys fees and application for costs in nondischargeable case in bankruptcy | 2.75 |
| 9/2/2013 | CLR | Legal research re California law grounds for attorneys fees recovery for minimum wages violations under Labor Code and Code of Civil Procedure | 3.25 |
| 9/3/2013 | CLR | Legal research re California law grounds for attorneys fees recovery for minimum wages violations under Labor Code and Code of Civil Procedure | 1.75 |
| 9/5/2013 | CLR | Review and analysis of notice of closing of adversary proceeding; research law and procedure re same; legal research re California law grounds for attorneys fees recovery for minimum wages violations under Labor Code and Code of Civil Procedure | 3.75 |
| 9/6/2013 | CLR | Prepare and file Notice of Intention to file Document in Closed Case; legal research re procedure and local rules and time periods for seeking attorneys fees and costs in adversary proceeding | 2.50 |
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work, noncompensable basic research; lack of necessity for task.  Time allowed for work in preceding entry.  Allowed time:0.00]** | |
| 9/7/2013 | CLR | Preparation of Memorandum of Points and Authorities re motion for attorneys fees; legal research re same | 3.50 |
| 9/8/2013 | CLR | Further Preparation of Memorandum of Points and Authorities re motion for attorneys fees; legal research re same | 3.50 |
| | | **[Ruling: Disallowed in full. Time billed excessive for task; time allowed for work in preceding and following entry.  Allowed time: 0.00]** | |

| 9/9/2013 | CLR | Review and finalize Memorandum of Points and Authorities re motion for attorneys fees; declaration and exhibits; review and revise bill of costs application papers before filing | 2.25 |
|---|---|---|---|
| 9/10/2013 | CLR | Review of order setting hearing on attys fees motion for Oct 1, 2013; planning re same | 0.50 |
| | | **[Ruling: Disallowed in part. Time billed excessive for task.  Allowed time: 0.20]** | |
| 9/17/2013 | CLR | Research standards for re-opening of adversary proceeding; draft motion re same | 2.75 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work, noncompensable basic research; lack of necessity for task.  Allowed time:0.00]** | |
| 9/18/2013 | CLR | Prepare Motion for re-opening of adversary proceeding, finalize for filing | 2.00 |
| | | **[Ruling: Disallowed in part. Time billed excessive for task; some allowance for work in previous entries on reopening case.  Allowed time: 0.80]** | |

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Rocio

# Professional Time Records

Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 9/24/2013 | CLR | Review of order re-opening adversary proceeding, planning re same; prepare and file reply to no opposition to attorneys fees motion and bill of costs | 0.25 |
| | | **[Ruling: Disallowed in part. Lumping of services; time billed excessive for task.  Allowed time: 0.20** | |
| 9/27/2013 | CLR | Review of order continuing hearing date to October 22 on motions for attorneys fees and costs; begin preparing updated fees motion exhibits for amended motion covering period through September 2013; research local rules and administrative procedures re sames | 3.25 |
| | | **[Ruling: Disallowed in full. Lumping of services; time billed excessive for task; noncompensable basic research.  Allowed time: 1.00]** | |
| 9/29/2013 | CLR | Prepare amended motion for attorneys fees and bill of costs; declarations and exhibits | 4.25 |
| 9/30/2013 | CLR | Review and finalize amended motion for attorneys fees and bill of costs; Declarations and exhibits; prepare Declaration of Christian L. Raisner | 1.75 |

Initials: CLR    90.75

Initials: CTM

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 5/5/2012 | CTM | Conversation with Jordan Mazur about Pre trial Conference Statement | 1.00 |
| | | **[Ruling: Disallowed in part. Excessive time spent on task.  Allowed time: 0.40]** | |
| 5/9/2012 | CTM | Spoke with opposing counsel about joint pretrial statement | 0.25 |
| | | **[Ruling: Disallowed in full. Duplication of work since attorney not primary litigation counsel.  Allowed time: 0.00]** | |
| 5/9/2012 | CTM | Edit pretrial statement | 0.75 |
| | | **[Ruling: Disallowed in full. Duplication of work since attorney not primary litigation counsel.  Allowed time: 0.00]** | |
| 5/10/2012 | CTM | Email to opposing counsel about joint pre trial statement | 0.50 |
| | | **[Ruling: Disallowed in full. Duplication of work since attorney not primary litigation counsel.  Allowed time: 0.00]** | |
| 5/14/2012 | CTM | Email and call opposing counsel | 0.50 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work; duplication of work since attorney not primary litigation counsel.  Allowed time: 0.00]** | |

| | | | |
|---|---|---|---|
| 5/15/2012 | CTM | Draft Declarations | 1.50 |
| 5/16/2012 | CTM | Discussion with Jordan Mazur About declarations are trial preparation | 0.75 |
| 5/16/2012 | CTM | Spoke with Jordan Mazur and client representative | 0.25 |

**[Ruling: Disallowed in full. Vague, insufficient description of work. Allowed time: 0.00]**

| | | | |
|---|---|---|---|
| 5/16/2012 | CTM | Draft declarations | 4.00 |
| 5/17/2012 | CTM | Revise Han declarations | 1.50 |
| 5/17/2012 | CTM | Spoke with opposing counsel regarding Pre Trial Statement | 0.25 |
| 5/17/2012 | CTM | Preparation for meeting with Plaintiffs | 1.50 |
| 5/18/2012 | CTM | Preparation and conference with Plaintiffs and Jordan Mazur in Los Angeles | 8.00 |
| 5/19/2012 | CTM | Revise Declarations | 1.50 |
| 5/21/2012 | CTM | Revision of declarations and preparation to serve the declarations. | 2.00 |

**[Ruling: Disallowed in part. Preparation of document for service is a paralegal function and not chargeable at attorney rate. Allowed time: 0.50]**

| | | | |
|---|---|---|---|
| 5/31/2012 | CTM | Draft of amended declarations | 0.50 |

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Rocio

# Professional Time Records

Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 6/1/2012 | CTM | Amend declarations | 0.50 |
| 6/5/2012 | CTM | Revise amended declarations | 0.50 |
| 6/14/2012 | CTM | Revise Amended Declarations | 0.75 |
| 6/20/2012 | CTM | Draft cover letter to opposing counsel for amended declarations | 0.50 |
| | | [Ruling:  Disallowed in part. Time billed excessive for task. Allowed time: 0.25] | |

| | | Initials: CTM | 27.00 |

Initials: **EPR**

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 1/26/2012 | EPR | Research discovery  cut-off and service issues | 0.50 |
| | | [Ruling: Disallowed in full. Vague, insufficient description of work, noncompensable basic research; lack of necessity for task. Allowed time:0.00] | |
| 2/2/2012 | EPR | Research Gov't Code 11183 re state agencies' obligations re subpoenaed documents;  research public records act | 2.25 |
| | | [Ruling: Disallowed in full. Lack of necessity for task, noncompensable basic research; billed time excessive for task.  Allowed time: 0.00] | |
| 2/8/2012 | EPR | Meet with Catherine Mathews re issues of procedure and deadlines | 0.40 |
| | | [Ruling: Disallowed in full. Vague, insufficient description of work. Allowed time: 0.00] | |
| 2/9/2012 | EPR | Discuss and analyze discovery issues | 0.25 |
| | | [Ruling: Disallowed in full. Vague, insufficient description of work; lack of necessity for task; duplication of work since attorney not primary litigation counsel.  Allowed time: 0.00] | |
| 9/7/2012 | EPR | Prepare for trial | 0.50 |
| | | [Ruling: Disallowed in full. Vague and insufficient description of work; lack of necessity for task; attorney was not trial counsel to justify trial preparation time.  Allowed time: 0.00] | |
| 9/10/2012 | EPR | Research business records exception to hearing rule; prepare for trial | 1.00 |
| | | [Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work; attorney was not trial counsel to justify trial preparation time; lack of necessity for task; some allowance for research of evidence issue.  Allowed time: 0.25] | |

| | | | |
|---|---|---|---|
| 9/11/2012 | EPR | Research, draft and file notice of intent to authenticate by declaration; review local bankruptcy rules; research judicial notice statutes/requirements | 3.50 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work; noncompensable basic research; some allowance for work on evidence issue.  Allowed time: 1.00]** | |
| 9/13/2012 | EPR | Telephone conference with Jordan Mazur re trial status | 0.50 |
| | | **[Ruling: Disallowed in full.  Vague, insufficient description of work; lack of necessity for task – attorney was not trial counsel. Allowed time: 0.00]** | |
| 10/18/2012 | EPR | Research, draft and edit Han post-trial briefing | 6.00 |
| 1/9/2013 | EPR | Research Judicial notice | 1.00 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work; noncompensable basic research; lack of necessity for work.  Allowed time: 0.00]** | |
| 1/10/2013 | EPR | Draft request for judicial notice; review reply brief | 1.50 |
| | | **[Ruling: Disallowed in part. Lumping of services; time billed excessive for task. Allowed time: 0.50]** | |
| 2/11/2013 | EPR | Review judgment;  discuss results; review briefing | 0.75 |
| | | **[Ruling:  Disallowed in full. Lumping of services; vague, insufficient description of work; lack of necessity for task; duplication of work since attorney not primary litigation counsel. Allowed time: 0.00]** | |
| 2/19/2013 | EPR | Review memo to intake committee regarding issues | 0.25 |
| | | **[Ruling: Disallowed in full.  Vague, insufficient description of work; lack of necessity for task.  Allowed time: 0.00]** | |
| 2/21/2013 | EPR | Analysis of Appeal risk | 0.75 |
| | | **[Ruling:  Disallowed in full.  Vague, insufficient description of work, lack of necessity for task.  Allowed time: 0.00]** | |
| 2/22/2013 | EPR | Research regarding appeal issues | 0.75 |
| 2/26/2013 | EPR | Review research re issues on appeal | 1.00 |
| | | **[Ruling:  Disallowed in full.  Vague, insufficient description of work, lack of necessity for task.  Allowed time: 0.00]** | |
| 8/30/2013 | EPR | Emails and discussion re brief on attorneys' fees | 0.50 |
| | | **[Ruling:  Disallowed in full.  Vague, insufficient description of work, lack of necessity for task.  Allowed time: 0.00]** | |
| 9/5/2013 | EPR | Research and draft attorneys' fees motion | 2.00 |
| | | **[Ruling: Disallowed in full. Time billed excessive for task; noncompensable basic research; time allowed for other counsel who prepared fee motion (Raisner).  Allowed time: 0.00]** | |

| 9/6/2013 | EPR | Research and draft bill of costs; declaration in support thereof; Memorandum of Points and Authorities for motion | 2.50 |
|---|---|---|---|

**[Ruling: Disallowed in full. Lumping of services; time billed excessive for task; noncompensable basic research; time allowed for other counsel who prepared fee motion (Raisner). Allowed time: 0.00]**

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Rocio

# Professional Time Records

Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 9/8/2013 | EPR | Research and draft application for costs and motion for attorneys' fees | 3.25 |
| | | **[Ruling: Disallowed in full. Lumping of services; time billed excessive for task; noncompensable basic research; time allowed for other counsel who prepared fee motion (Raisner).  Allowed time: 0.00** | |
| 9/9/2013 | EPR | Research and draft, finalize motion for attorneys' fees and application for costs, and ancillary documents | 4.00 |
| | | **[Ruling: Disallowed in full. Lumping of services; time billed excessive for task; noncompensable basic research; time allowed for other counsel who prepared fee motion (Raisner).  Allowed time: 0.00]** | |
| 9/10/2013 | EPR | Further issues re filing problems; research issue for reply | 0.50 |
| | | **[Ruling: Disallowed in full. Lack of necessity for work since no opposition to fee motion filed.  Allowed time: 0.00]** | |
| 9/12/2013 | EPR | Research timing and venue issues for motion to reopen case | 3.75 |
| | | **[Ruling: Disallowed in full. Lack of necessity for work since other counsel prepared motion to reopen case; time billed excessive for task; noncompensable basic research; time allowed for work on task by other counsel (Raisner).  Allowed time: 0.00]** | |
| 9/13/2013 | EPR | Continue to research draft motion to reopen | 3.50 |
| | | **[Ruling: Disallowed in full. Lack of necessity for work since other counsel prepared motion to reopen; noncompensable basic research; time allowed for work on task by other counsel (Raisner).  Allowed time: 0.00]** | |
| 9/16/2013 | EPR | Discuss motion to reopen | 0.25 |
| | | **[Ruling: Disallowed in full. Lack of necessity for work since other counsel prepared motion to reopen; vague, insufficient description of work performed; time allowed for work on task by other counsel (Raisner). Allowed time: 0.00]** | |
| 9/17/2013 | EPR | Research and draft Memorandum of Points and Authorities, declaration, and proposed order | 1.75 |
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed.  Allowed time: 0.00]** | |
| 9/23/2013 | EPR | Discuss reply to non-opposition; draft reply | 0.75 |
| | | **[Ruling: Disallowed in full. Lack of necessity for work since no need for reply to non-opposition; vague, insufficient description of work.  Allowed time: 0.00]** | |
| 9/24/2013 | EPR | Finalize and file reply | 0.50 |
| | | **[Ruling: Disallowed in full. Lack of necessity for work since no need for reply to non-opposition; vague, insufficient description of work.  Allowed time: 0.00]** | |
| 9/25/2013 | EPR | Review court's order; review court's docket rehearing on 10/1/13 | 0.25 |
| | | **[Ruling: Disallowed in part. Time excessive for work performed.  Allowed time: 0.10]** | |

Initials: EPR        44.40

Initials: **ERN**

| 8/25/2011 | ERN | Review of applicable rules to determine deadlines triggered by Summons and Notice of Status Conference; review of Scheduling Order to determine deadlines triggered | 0.50 |
|---|---|---|---|
| | | **[Ruling: Disallowed in part. Lumping of services; time billed excessive for task; noncompensable basic research; some allowance for paralegal work in calendaring.  Allowed time: 0.20]** | |
| 11/17/2011 | ERN | Review of applicable rules to determine due date triggered by Plaintiffs' written discovery requests to Defendant Han (sets one) served | 0.50 |
| | | **[Ruling: Disallowed in full. Time billed excessive for task; noncompensable basic research. Allowed time: 0.00]** | |
| 2/1/2012 | ERN | Review of applicable rules re Our Subpoena for Documents served on Wells Fargo Bank, Hanmi Bank and BBCN Bank; update deadlines based on extensions of time for production of documents granted | 0.50 |
| | | **[Ruling: Disallowed in part. Lumping of services; time billed excessive for task; noncompensable basic research; some allowance for paralegal work in calendaring.  Allowed time: 0.20]** | |
| 2/2/2012 | ERN | Review of letter agreeing to extension of deadline for Well Fargo Bank to provide documents; update deadline | 0.25 |
| 5/16/2012 | ERN | Review and revise trial related deadlines based on trial procedures of reassigned Judge Robert N. Kwan | 1.00 |
| | | **[Ruling: Disallowed in part. Time billed excessive for task; noncompensable basic research; some allowance for paralegal work in calendaring.  Allowed time: 0.20]** | |
| 12/21/2012 | ERN | Review of Order Setting Reply Schedule to determine deadline triggered | 0.25 |
| | | **[Ruling: Disallowed in part.  Time billed excessive for task.  Allowed time: 0.10]** | |
| | | Initials: ERN | 3.00 |

Initials: JC

| 2/14/2012 | JC | Bates label documents Wells Fargo Bank 00001 -00778; Banmi Bank 00001 - 00099 and BBCN 00001 – 00066 | 2.25 |
|---|---|---|---|
| 2/15/2012 | JC | Bates label documents BBCN 0067 – 01082 | 1.75 |

| Weinberg, Roger & Rosenfeld | Matter Number: ZMC1374-128666 |
|---|---|
| **Professional Time Records** | Han, Chang Sup<br>(Alma L. Castro; Angelina Juarez; Recio<br>Fernandez)<br>(Chapter 7 bankruptcy) |

| | | | |
|---|---|---|---|
| 11/14/2012 | JC | Asset/property search for Chang Sup Pon on Westlaw; discussion with attorney | 1.25 |
| | | **[Ruling: Disallowed in full. Lumping of services; lack of necessity for work performed; vague, insufficient description of work. Allowed time: 0.00]** | |
| 2/12/2013 | JC | Review of applicable rules to determine due date triggered by Judgment, order or decree of a Bankruptcy Judge entered. | 0.25 |
| | | **[Ruling: Disallowed in part. Time billed excessive for task; noncompensable basic research. Allowed time: 0.10]** | |
| 8/14/2013 | JC | Review of applicable rules to determine due date triggered by Last day to file/serve Attorneys' Fees | 0.25 |
| | | **[Ruling: Disallowed in part. Time billed excessive for task; noncompensable basic research. Allowed time: 0.10]** | Initials: JC 5.75 |

Initials: **JDM**

| | | | |
|---|---|---|---|
| 8/7/2011 | JDM | Review of file/documents; legal research re complaint; legal research re bankruptcy; review of labor commissioner awards | 3.50 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; noncompensable basic research. Allowed time: 2.50]** | |
| 8/15/2011 | JDM | Review of file/documents; legal research re complaint; conference with Chris Raisner; edits to adversary complaint | 3.75 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; time billed excessive for task; noncompensable basic research; some allowance for work in preceding entry. Allowed time: 2.00]** | |
| 8/24/2011 | JDM | Review of file/documents; legal research re discovery required; legal research re initial disclosures required; | 3.00 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description work performed; noncompensable basic research. Allowed time: 1.00]** | |
| 10/4/2011 | JDM | Review of file/documents; review of answer; email exchange with Kenia Rivera | 1.00 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed. Allowed time: 0.50]** | |

| | | | |
|---|---|---|---|
| 10/12/2011 | JDM | Review of file/documents; draft of joint status report; research re discovery deadlines and Judge Carroll; telephone conference with opposing counsel | 1.50 |
| | | **[Ruling: Disallowed in part. Lumping of services; time billed excessive for task; noncompensable basic research.  Allowed time: 1.00]** | 6.75 |
| 10/26/2011 | JDM | Review of file/documents; research re status conference; conference with opposing counsel; | |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; time billed excessive for task.  Allowed time: 1.00]** | 4.25 |
| 11/11/2011 | JDM | Review of file/documents;  legal research re labor commissioner findings; draft of requests for admissions; draft of interrogatories; draft of requests for production of documents | |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; time billed excessive for task. Allowed time: 3.00]** | |
| 11/14/2011 | JDM | Review of file/documents; legal research re interrogatories; edits to discovery; draft of depo notice; conference with Chris Raisner | 1.75 |
| | | **[Ruling: Disallowed in part. Lumping of services; time billed excessive for task; noncompensable basic research; some allowance for work in preceding entry. Allowed time: 1.00]** | |
| 1212/2011 | JDM | Review of file/documents; legal research re discovery; legal research re summary judgment  motions; telephone conference with opposing counsel | 2.75 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; time billed excessive for task; noncompensable basic research; some allowance for work in preceding entries.  Allowed time: 1.00]** | |
| 12/27/2011 | JDM | Review of file/documents; legal research re deposition of Defendant; research re labor commissioner findings and validity of factual determinations | 2.50 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; lack of necessity for task; time billed excessive for task; noncompensable basic research; some allowance for research of labor commissioner findings in prior entries.  Allowed time: 1.00]** | |
| 1/6/2012 | JDM | Review of file/documents; email exchange with [Redacted]; telephone conference with opposing counsel; research re discovery deadlines | 1.00 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; time billed excessive for task; noncompensable basic research.  Allowed time: 0.50]** | |

**Weinberg, Roger & Rosenfeld**

**Professional Time Records**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Recio
Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 1/9/2012 | JDM | Review of file/documents; telephone conference with opposing counsel; research re shortening time and discovery motions | 1.00 |
| | | **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for telephone conference with opposing counsel.  Allowed time: 0.30]** | |
| 1/10/2012 | JDM | Review of file/documents; telephone conference with opposing counsel; legal research re discovery remedies; conference with Chris Raisner re: draft of letter to opposing counsel re dispute | 1.00 |
| | | **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; time billed excessive for task; some time allowed for telephone conference with opposing counsel and drafting letter to same.  Allowed time: 0.50]** | |
| 1/13/2012 | JDM | Review of file/documents; legal research re deposition and continuance of open transcript; conference with Chris Raisner; telephone conference with opposing counsel; email to client | 2.75 |
| | | **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for telephone conference with opposing counsel and email to client.  Allowed time: 1.00]** | |
| 1/17/2012 | JDM | Review of file/documents; meet and confer on discovery dispute with opposing counsel; review of records produced | 1.75 |
| 1/19/2012 | JDM | Review of file/documents; preparation for deposition; draft of depo outline | 2.00 |
| 1/20/2012 | JDM | Review of file/documents; legal research re deposition; preparation for and taking of deposition examination; conference with [Redacted]; telephone conference with Chris Raisner | 9.25 |
| | | **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some additional time allowed for deposition preparation.  Allowed time: 2.00]** | |
| 2/16/2012 | JDM | Review of file/documents; legal research re bank records; review of bank records produced; draft of letter to opposing counsel | 3.75 |

14

**[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for bank record review and drafting letter to opposing counsel. Allowed time: 2.00]**

| | | | |
|---|---|---|---|
| 4/24/2012 | JDM | Review of file/documents; telephone conference with opposing counsel; research re pretrial statement and drafting thereof | 2.50 |

**[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for telephone conference with opposing counsel and drafting pretrial statement. Allowed time: 2.00]**

| | | | |
|---|---|---|---|
| 5/8/2012 | JDM | Review of file/documents; telephone conference with Catherine Mathews re pretrial statement; review of and edits to pretrial statement | 0.50 |

**[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; time billed excessive for task; noncompensable basic research; some allowance for work on pretrial statement in preceding entry. Allowed time: 0.20]**

| | | | |
|---|---|---|---|
| 5/10/2012 | JDM | Review of file/documents; telephone conference with client contact Kenia Rivera re identification issue and worker declarations; | 0.50 |

**[Ruling: Disallowed in part. Time billed excessive for task. Allowed time: 0.20]**

| | | | |
|---|---|---|---|
| 5/15/2012 | JDM | Review of file/documents; telephone conference with Catherine Mathews re declarations; legal research re declarations and discovery production | 1.50 |

**[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; time billed excessive for task; noncompensable basic research; some allowance for paralegal work in serving papers. Allowed time: 0.50]**

| | | | |
|---|---|---|---|
| 5/16/2012 | JDM | Review of file/documents; draft of email to client contact; email exchange with Catherine Mathews; review of and revisions to declarations of plaintiff witnesses | 2.50 |

**[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; time billed excessive for task. Allowed time: 1.00]**

| | | | |
|---|---|---|---|
| 5/18/2012 | JDM | Review of file/documents; legal research re declarations; preparation for and meeting with plaintiffs and client contact; conference with Catherine Mathews; telephone conference with Rocio Fernandez; conference with Monica Guizar; | 9.25 |

**[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for conference with clients. Allowed time: 3.00]**

15

| | | | |
|---|---|---|---|
| 5/21/2012 | JDM | Review of file/documents; telephone conference with client contact; conference with Catherine Mathews; revisions and edits to trial declarations; review and designation of trial exhibit documents; legal research re production of trial exhibits and declarations; **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for revision of trial declarations and designation of trial exhibit documents telephone conference with opposing counsel.  Allowed time: 3.00]** | 6.50 |
| 5/23/2012 | JDM | Review of file/documents; legal research re trial procedure; preparation | 7.00 |

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Recio

## Professional Time Records

Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | hours |
|------|------|-----------|-------|
| | | for and participation in pretrial conference with Judge Kwan; telephone conference with client contact; email exchange with client contact | |
| | | **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; time billed excessive for task; some time allowed for preparation and participation in pretrial conference and telephone conference with client contact and email to same.  Allowed time: 2.00]** | |
| | | | 2.25 |
| 6/4/2012 | JDM | Review of file/documents; legal research re declarative direct; research re admissibility of evidence; research re labor commissioner documents; conference with Chris Raisner re case developments | |
| | | **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; time billed excessive for task.  Allowed time: 0.50]** | |
| 6/8/2012 | JDM | Review of file/documents;  Review of supplemental declarations; legal research re same | 1.25 |
| | | **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task. Allowed time: 0.50]** | |
| 6/20/2012 | JDM | Review of file/documents; legal research re declarations; legal research re disclosure obligations;  Review of docket and Defendant's pretrial documents | 1.75 |
| | | **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for review of defendant's pretrial documents. Allowed time: 0.70]** | |
| 6/21/2012 | JDM | Review of file/documents;  Review of Defendant's objections to evidence; legal research re judge's standing order, local rules, and evidence rules; conference with Chris Raisner re same | 1.75 |
| | | **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for review of defendant's evidentiary objections.  Allowed time: 1.00]** | |
| 6/25/2012 | JDM | Review of file/documents;  draft of response to objections to evidence; legal research re same | 1.50 |
| 6/26/2012 | JDM | Review of file/documents; legal research re evidentiary issues; preparation for and participation in continued pretrial hearing before | 8.50 |

Judge Kwan; email to client; telephone conference with Chris Raisner

**[Ruling: Disallowed in part.  Lumping of services, vague, insufficient
description of work; lack of necessity for task; noncompensable
basic research; time billed excessive for task; some time allowed for
preparation and participation in further pretrial conference and email
to client.  Allowed time: 2.50]**

| | | | |
|---|---|---|---|
| 7/2/2012 | JDM | Review of file/documents;  legal research re pre-trial; telephone conference with client contact;  Review of scheduling orders and standing order | 1.00 |
| 7/13/2012 | JDM | Review of file/documents;  legal research re declaration documents;  research re bank record documents;  draft of letter | 2.75 |

**[Ruling: Disallowed in full. Vague, insufficient description of work;
lack of necessity for task; noncompensable basic research; time
billed excessive for task – no reason to research declaration
documents and bank record documents.  Allowed time: 0.00]**

| | | | |
|---|---|---|---|
| 7/24/2012 | JDM | Review of file/documents;  legal research re evidence; legal research re objections;  research readmission of bank records; | 3.25 |

**[Ruling: Disallowed in part.  Vague, insufficient description of
work; lack of necessity for task; noncompensable basic research;
time billed excessive for task, some time allowed to address
defendant's objections.  Allowed time: 1.00]**

| | | | |
|---|---|---|---|
| 8/15/2012 | JDM | Review of file/documents;  Review of deposition designations for trial | 0.50 |
| 8/20/2012 | JDM | Review of file/documents;  legal research re trial declarations;  research re subpoenas for trial | 2.25 |

**[Ruling: Disallowed in full.  Vague, insufficient description of work;
lack of necessity for task; noncompensable basic research; time
billed excessive for task – no reason to research trial declarations
or subpoenas.  Allowed time: 0.00]**

| | | | |
|---|---|---|---|
| 8/24/2012 | JDM | Review of file/documents;  legal research re trial; Review of trial declarations and exhibits; Review of bank records; legal research re defendant's deposition testimony; conference with Chris Raisner | 5.00 |

| 8/27/2012 | JDM | Review of file/documents; legal research re possible affirmative defenses; research re documentation issues | 2.00 |

**[Ruling: Disallowed in full. Vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task – no reason to research possible affirmative defenses since pretrial order identified trial issues.  Allowed time: 0.00]**

| 9/4/2012 | JDM | Review of file/documents; legal research re upcoming trial; telephone conference with client; email exchange with Blythe Mickelson | 2.25 |

**[Ruling: Disallowed in full. Vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task – no reason to research upcoming trial.  Allowed time: 0.00]**

| 9/10/2012 | JDM | Review of file/documents; Review of trial exhibits and finalization of trial binders; conference with Chris Raisner | 2.00 |

**[Ruling: Disallowed in part: Lumping of services, vague, insufficient description of work; some allowance of time to review exhibit binders for trial.  Allowed time: 0.50]**

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Rocio

# Professional Time Records

Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 9/11/2012 | JDM | Review of file/documents; designations of deposition transcript for trial; review of exhibits; legal research re 523(a)(2); research re admittance into building; research re right to relief for workers regardless of status; preparation for trial | 7.00 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for trial preparation and review of exhibits and deposition designations. Allowed time: 3.50]** | |
| 9/12/2012 | JDM | Review of file/documents; legal research re trial; preparation for trial; meeting with clients re trial; research re affirmative direct testimony; review of evidence; research re oral argument | 10.50 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for trial preparation and review of exhibits and deposition designations. Allowed time: 3.50]** | |
| 9/13/2012 | JDM | Review of file/documents; legal research re trial; preparation for and participation in trial; conference with clients; telephone conference with Emily Rich and Chris Raisner re trial issues | 7.50 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for review of trial preparation in preceding entries. Allowed time: 3.00]** | |
| 10/14/2012 | JDM | Review of file/documents; legal research re post-trial brief; conference with Emily Rich; review of trial audio recording | 5.50 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task. Allowed time: 2.00]** | |
| 10/15/2012 | JDM | Review of file/documents; legal research re post-trial brief; draft of facts section for brief; review of audio recording | 5.00 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for work in preceding entry. Allowed time: 3.00]** | |

| 10/16/2012 | JDM | Review of file/documents; legal research re post-trial brief; drafting of 523(a)(2) section of argument; conference with Emily Rich | 4.00 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for work in preceding entries. Allowed time: 2.00]** | |
| 10/17/2012 | JDM | Review of file/documents; legal research re trial brief; review of audio and edits to fact section; legal research re 523(a)(4) section; drafting of 523(a)(4) section; conference with Emily Rich; conference with Chris Raisner; research re trust theories; research re embezzlement; conference with Ted Franklin re trial brief | 8.50 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for work in preceding entries. Allowed time: 3.50]** | |
| 10/18/2012 | JDM | Review of file/documents; legal research re res judicata; conference with Emily Rich; legal research re entrustment theory; legal research re 523(a)(6); conference with Emily Rich; edits to (A)(6) section; edits to brief; | 8.25 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; some time allowed for work in preceding entries. Allowed time: 3.50]** | |
| 11/13/2012 | JDM | Review of file/documents; legal research re Defendant's Opposition brief deadline and failure to file | 1.25 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task – no reason to research defendant's failure to file timely opposition. Allowed time: 0.00]** | |
| 11/28/2012 | JDM | Review of file/documents; legal research re failure to file brief; conference with Emily Rich; draft of Reply document | 4.75 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task – no reason to research defendant's failure to file timely opposition. Allowed time: 0.00]** | |
| 11/30/2012 | JDM | Review of file/documents; legal research re amendment to the record re Han's failures; telephone conference with Alma Castro re Han's continued actions | 2.75 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; some time allowed for work in preceding entries. Allowed time: 1.00]** | |

| 12/6/2012 | JDM | Review of file/documents; telephone conference with Alma Castro; legal research re further evidence | 1.50 |
| | | **[Ruling: Disallowed in part. Vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for telephone conference with client and preparing post-trial brief. Allowed time: 0.50]** | |
| | | | |
| 12/10/2012 | JDM | Review of file/documents; review of Defendant's post-trial brief; legal Research re late filed brief; legal research re objection; conference with Emily Rich; draft of objection to late filed brief | 4.75 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; time billed excessive for task; some time allowed for work in prior entries. Allowed time: 2.00]** | |

**Weinberg, Roger & Rosenfeld**

**Professional Time Records**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Rocio
Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 12/18/2012 | JDM | Review of file/documents; legal research re opposition to late filing motion; conference with Emily Rich; telephone conference with court clerk; conference with Chris Raisner; draft of document requesting permission to file reply to late opposition; legal research re external evidence | 5.00 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for drafting reply to late opposition. Allowed time: 1.50]** | |
| 1/8/2013 | JDM | Review of file/documents; telephone conference with plaintiff castro; conference with Emily Rich; legal research re post-trial brief; Review of Defendant's filings and transcript | 6.00 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for telephone conference with client and preparing post-trial brief. Allowed time: 2.50]** | |
| 1/9/2013 | JDM | Review of file/documents; telephone conference with [Redacted]; legal research re supplemental evidence in briefing; conference with Emily Rich | 5.00 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some time allowed for addressing supplemental evidence in briefing. Allowed time: 1.00]** | |
| 1/10/2013 | JDM | Review of file/documents; legal research re declaration; telephone conference with [Redacted] re declaration; research re evidence; draft of reply brief, conference with Emily Rich | 7.50 |
| | | **[Ruling: Disallowed in part. Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; time billed excessive for task; some additional time allowed for drafting reply to late opposition. Allowed time: 1.50]** | |

| | | | |
|---|---|---|---|
| 2/12/2013 | JDM | Review of file/documents; Review of memorandum decision; legal research re fraud; conference with Emily Rich and Chris Raisner; research re appeal | 4.25 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on appeal (Raisner) since not primary attorney on brief, time billed excessive for task.  Allowed time: 0.00]** | |
| 2/14/2013 | JDM | Review of file/documents; legal research re appeal; telephone conference with Lilia Garcia; conference with Chris Raisner; research re standard of Review; conference with Emily Rich | 4.25 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on appeal (Raisner) since not primary attorney on brief, time billed excessive for task.  Allowed time: 0.00]** | |
| 2/15/2013 | JDM | Review of file/documents; draft of statement to workers; telephone conference with Alma and Angelina; telephone conference with [Redacted]; conference with Chris Raisner | 2.25 |
| | | **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; time billed excessive for task, some time allowed for drafting statement to workers (plaintiffs).  Allowed time: 0.50]** | |
| 2/21/2013 | JDM | Review of file/documents; legal research re appeal; legal research re standard of Review; research re embezzlement; conference with Emily Rich; | 4.00 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on appeal since not primary attorney on brief (Raisner), time billed excessive for task.  Allowed time: 0.00]** | |
| 2/22/2013 | JDM | Review of file/documents; legal research re 523(a)(6) standard; research re Jercich; conference with Chris Raisner re Jercich case; legal research re appeal; draft of summary email re appeal/fraud issues | 4.50 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on appeal since not primary attorney on brief (Raisner), time billed excessive for task.  Allowed time: 0.00]** | |

24

| | | | |
|---|---|---|---|
| 2/28/2013 | JDM | Review of file/documents; legal research re fraud; research re appeal; conference with Chris Raisner; email exchange with [Redacted] | 4.75 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on appeal since not primary attorney on brief (Raisner), time billed excessive for task.  Allowed time: 0.00]** | |
| 3/5/2013 | JDM | Review of file/documents; legal research re appeal; research re record on appeal; conference with Chris Raisner; Review of transcript audio | 5.00 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on appeal since not primary attorney on brief (Raisner), time billed excessive for task.  Allowed time: 0.00]** | |
| 3/6/2013 | JDM | Review of file/documents; legal research re appeal; conference with Chris Raisner; conference with Emily Rich; legal research re issues on appeal | 5.00 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on appeal since not primary attorney on brief (Raisner), time billed excessive for task.  Allowed time: 0.00]** | |
| 3/11/2013 | JDM | Review of file/documents; legal research re appeal and re record; edits to statement of issues on appeal; conference with Chris Raisner | 4.00 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on appeal since not primary attorney on brief (Raisner), time billed excessive for task.  Allowed time: 0.00]** | |

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Recio

**Professional Time Records**

Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | Hours |
|---|---|---|---|
| 3/12/2013 | JDM | Review of file/documents;  research re appeal; review of record and edits to designation of record; conference with Chris Raisner | 2.00 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on appeal since not primary attorney on brief (Raisner), time billed excessive for task.  Allowed time: 0.00]** | |
| 8/16/2013 | JDM | Review of file/documents;  legal research re appeal; research re decision not to fix judgment amount; research re decision's failure to decide a(6); | 2.00 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on appeal (Raisner); time billed excessive for task. Allowed time: 0.00]** | |
| 8/19/2013 | JDM | Review of file/documents;  legal research re costs motion; research re fees motion; review of underlying factual findings; conference with Emily Rich and Chris Raisner | 2.00 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on fee motion (Raisner).  Allowed time: 0.00]** | |
| 8/30/2013 | JDM | Review of file/documents;  legal research re attorneys fees; email exchanges with Chris Raisner; research re 218.5 and 1194 of labor Code; research re bankruptcy rules on fees; edits to and drafting of motion | 3.00 |
| | | **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; noncompensable basic research; duplication of work of other attorneys on fee motion (Raisner), time billed excessive for task.  Allowed time: 0.00]** | |
| | | Initials: JDM | 263.25 |

Initials: JEK

| | | | |
|---|---|---|---|
| 7/23/2013 | JEK | Review Status Report to Bankruptcy Court for Jordan Mazur | 0.50 |
| 9/9/2013 | JEK | Review Table of Authorities citations for fees motion; review motion for copy edits; deal with technical problems in uploading document; | 4.00 |

supervise filing

|  |  |  | Initials: JEK | 4.50 |
|---|---|---|---|---|

Initials: TRA

| 8/10/2011 | TRA | Confer with Mariavida Lewis re translation of retainers | 0.25 |
|---|---|---|---|
| 8/11/2011 | TRA | Spanish translation of retainers | 3.50 |
| 8112/2011 | TRA | Review of applicable rules to determine due date triggered by meeting of creditors | 0.25 |
| 5/15/2012 | TRA | Reviewing trial schedule and rules | 0.25 |
| 5/17/2012 | TRA | Spanish translation of declarations | 4.25 |
| 5/21/2012 | TRA | Revision of Spanish translation of declarations | 3.75 |
| 5/31/2012 | TRA | Revision of Spanish translation | 0.75 |
| 6/29/2012 | TRA | Review of applicable rules to determine due date triggered by trial | 0.50 |
| 11/9/2012 | TRA | Assist with Spanish phone call | 0.25 |
| 11/16/2012 | TRA | Assisting with Spanish phone call, e-mail to Jordan Mazur | 0.25 |
| 11/28/2012 | TRA | Phone conference with Jordan Mazur and Alma Castro | 0.50 |

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Recio

# Professional Time Records

Fernandez)
(Chapter 7 bankruptcy)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 1/11/2013 | TRA | Assist with Spanish phone call from Spanish speaking plaintiff; follow up e-mail to Jordan Mazur | 0.50 |
| 2/12/2013 | TRA | Assisting with Spanish phone call | 0.25 |
| 2/15/2013 | TRA | Conference call with Jordan Mazur, Chris Raisner and plaintiffs | 0.50 |
| 2/15/2013 | TRA | Spanish translation of letter re judgment | 0.50 |
| 2/19/2013 | TRA | Attempt phone call to Spanish speaking plaintiff | 0.25 |
| 2/20/2013 | TRA | Attempt phone call to plaintiff in Mexico | 0.25 |
| 2/25/2013 | TRA | Conference call with plaintiff Rocio | 0.50 |
| 3/13/2013 | TRA | Assisting with Spanish phone call from Alma Castro | 0.25 |
| 5/1/2013 | TRA | Retrieve, review, save, print, copy and distribute court notices documents | 0.25 |
| 7/9/2013 | TRA | Review bankruptcy court notice document re court of appeal ruling, and coordinate duplication of document for attorneys and incorporation into computer file | 0.25 |
| 7/10/2013 | TRA | Review bankruptcy court notice documents re order re status of adversary proceeding, and coordinate duplication of document for attorneys and incorporation into computer file | 0.25 |
| 7/24/2013 | TRA | Review bankruptcy court notice re defendant's post appeal brief and plaintiffs' status report, and incorporation of document into computer file | 0.25 |
| 8/12/2013 | TRA | Review bankruptcy court notice document re judgment on remand; coordinate duplication of same for attorneys, calendar and docket, and incorporation of documents into computer file | 0.25 |
| 8/12/2013 | TRA | Review of applicable rules to determine due date triggered by judgment entered by District Court | 0.25 |
| 9/6/2013 | TRA | Preparing bill of costs | 4.75 |
| 9/9/2013 | TRA | Prepare application to tax costs and declaration in support of bill of costs, revise itemization chart in support of bill of costs and bill of costs, assemble exhibits, confer with Jeannette Aranda | 2.50 |
| 9/10/2013 | TRA | Review bankruptcy court notice document re bill of costs, application to tax costs, and declaration in support of application to tax costs, motion for attorneys' fees, declarations in support of motion for attorneys' fees, and memorandum of points and authorities in support of motion; coordinate duplication of same for attorneys, calendar and docket, and incorporation of documents into computer file | 0.25 |

28

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-128666

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Rocio
Fernandez)
(Chapter 7 bankruptcy)

# Professional Time Records

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 9/25/2013 | TRA | Review bankruptcy court notice document re plaintiffs' reply to opposition to motion for attorneys fees, notice of lodgment order granting plaintiffs' motion for attorneys' fees; calendar and docket, and incorporation of documents into computer file | 0.25 |
| | | Initials: IRA | 26.75 |

Initials: YYG

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 1126/2012 | YYG | Research regarding subpoenas of bank records; draft attachments to subpoenas of three banks; draft cover letters | 2.00 |
| 1/31/2012 | YYG | Follow up with subpoenaed banks; draft confirming letters granting extensions | 0.50 |
| 2/2/2012 | YYG | Follow up with remaining subpoenaed bank; draft confirming letter | 0.50 |
| | | Initials: YYG | 3.00 |
| | | Grand Total | 468.40 |

29

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-133768

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Rocio

## Professional Time Records

Fernandez)
(US District Court Appeal)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|

Initials: CLR

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 2/19/2013 | CLR | Memo re appeal; legal research re same; review of trial documents **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; time billed excessive for task, noncompensable legal research, some time allowed for preparing and drafting notice of appeal and election to have appeal heard in district court.  Allowed time: 2.00]** | 4.75 |
| 2/19/2013 | CLR | Analysis of appeal issues and questions **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; time billed excessive for task; some time already allowed for preparing and drafting notice of appeal and election to have appeal heard in district court.  Allowed time: 1.00]** | 4.25 |
| 2/21/2013 | CLR | Further legal analysis; memo re appeal issues **[Ruling: Disallowed in full.  Lumping of services, vague, insufficient description of work; lack of necessity for task; time billed excessive for task; some time allowed for analyzing appeal issues and preparing and drafting notice of appeal and election to have appeal heard in district court.  Allowed time: 0.00]** | 2.50 |
| 2/22/2013 | CLR | Prepare Notice of Appeal; research re appeal deadlines and procedures; prepare election to have appeal heard in district court **[Ruling: Disallowed in part.  Lumping of services, vague, insufficient description of work; lack of necessity for task; time billed excessive for task, some time allowed for preparing and drafting notice of appeal and election to have appeal heard in district court.  Allowed time: 2.00]** | 4.00 |
| 2/25/2013 | CLR | File notice of appeal and statement of election to have case heard in district court **[Ruling: Disallowed in part.  Time billed excessive for task of filing documents with the court, filing of documents with court is a paralegal function and not chargeable at attorney rate.  Allowed time: 0.20]** | 2.00 |

| Date | | | |
|---|---|---|---|
| 2/26/2013 | CLR | Research to prepare designation of items for record on appeal | 4.75 |
| | | **[Ruling: Disallowed in part.  Vague, insufficient description of work; lack of necessity for task; time billed excessive for task, noncompensable legal research, some time allowed for preparing and drafting designation of items for record on appeal.  Allowed time: 2.00]** | |
| 2/27/2013 | CLR | Research to prepare statement of issues to be presented on appeal | 4.50 |
| | | **[Ruling: Disallowed in part.  Vague, insufficient description of work; lack of necessity for task; time billed excessive for task, noncompensable legal research, some time allowed for preparing and drafting statement of issues to be presented on appeal.  Allowed time: 1.50]** | |
| 3/3/2013 | CLR | Prepare amended notice of appeal | 0.50 |
| 3/4/2013 | CLR | Review of procedures for appeal to district court; review of documents from district court; planning; review and revise transmittal to court reporter, notice of related cases, certificate of interested parties, and transcript order form | 3.25 |
| | | **[Ruling: Disallowed in part.  Lumping of services, time billed excessive for task.  Allowed time: 1.50]** | |
| 3/6/2013 | CLR | Draft statement of the issues on appeal | 1.75 |
| | | **[Ruling: Disallowed in full.  Time billed excessive for task, some time already allowed for preparing and drafting statement of issues to be presented on appeal.  Allowed time: 0.00]** | |
| 3/7/2013 | CLR | Prepare statement of issues on the appeal; legal research re appeal procedures | 2.00 |
| | | **[Ruling: Disallowed in full.  Time billed excessive for task, noncompensable legal research, some time already allowed for preparing and drafting statement of issues to be presented on appeal.  Allowed time: 0.00]** | |
| 3/9/2013 | CLR | Research record ; analysis of decision | 1.75 |
| | | **[Ruling: Disallowed in full.  Vague, insufficient description of work; lack of necessity for task; time billed excessive for task, some time is already being allowed for analyzing the trial court's decision and for analyzing the decision for preparing and drafting the appellate briefing.  Allowed time: 0.00]** | |

31

| 3/11/2013 | CLR | Finalize and file appellants' statement of the issues on appeal and designation of items for the record on appeal | 2.25 |
|---|---|---|---|
| | | **[Ruling: Disallowed in full. Time billed excessive for task, some time already allowed for preparing and drafting statement of issues to be presented on appeal and designation of items for record on appeal. Filing documents with the court is a paralegal function and not chargeable at attorney rate. Allowed time: 0.00]** | |
| 3/22/2013 | CLR | Draft outline of appellant's opening brief in USDC | 1.00 |
| 4/11/2013 | CLR | Review of trial transcript received (1 hr); analysis of Order to Show Cause re dismissal for lack of prosecution issued by district court; legal research re same (2.75 hrs) | 3.75 |
| | | **[Ruling: Disallowed in part. Time billed excessive for task on review of trial transcript on Order to Show Cause. Noncompensable basic legal research (OSC issued because district court deadlines not complied with). Allowed time: 1.00]** | |
| 4/14/2013 | CLR | Work on Appellant Opening Brief | 2.25 |
| 4/15/2013 | CLR | Analysis of filing in unrelated case confused in court administration with this appeal; compare Order to Show Cause for court error in unrelated Brewster case; prepare notice of documents filed in bankruptcy court; drafting Appellant Opening Brief | 4.75 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work; lack of necessity for task; time billed excessive for task, some time is allowed for drafting the appellate briefing. Allowed time: 1.50]** | |
| 4/16/2013 | CLR | Prepare draft Appellant Opening Brief, review of trial record re same | 4.50 |
| 4/18/2013 | CLR | Prepare response to Order to Show Cause why case should not be dismissed for lack of prosecution; review of bankruptcy court docket, review of statement of issues on appeal and designation of record | 2.75 |
| | | **[Ruling: Disallowed in part. Lumping of services; time billed excessive for task preparing counsel's response to the Order to Show Cause explaining why district court deadlines not complied with). Some time allowed for preparing response to OSC. Allowed time: 1.50]** | |
| 4/21/2013 | CLR | Finalize response to Order to Show Cause why appeal case should not be dismissed for lack of prosecution in district court; prepare declaration and exhibits re same | 4.00 |
| | | **[Ruling: Disallowed in full. Time billed excessive for task preparing counsel's response to the Order to Show Cause explaining why district court deadlines not complied with). Some time already allowed for preparing response to OSC. Allowed time: 0.00]** | |
| 4/22/2013 | CLR | Finalize response to Order to Show Cause why appeal case should not be dismissed for lack of prosecution in district court; prepare declaration and exhibits re same | 2.25 |

**[Ruling: Disallowed in full.  Time billed excessive for task on Order to Show Cause.  Some time already allowed for response to the OSC.  Allowed time: 0.00]**

| 4/23/2013 | CLR | Review of trial transcript re issues on appeal | 1.25 |
|---|---|---|---|

| 4/25/2013 | CLR | Research local court procedures re preparation of record for appeal; contact with court re certificate of readiness, procedure for notification of district court that bankruptcy court record is ready for appeal | 1.00 |
|---|---|---|---|

**[Ruling: Disallowed in full.  Noncompensable legal research.  Allowed time: 0.00]**

| 4/26/2013 | CLR | Prepare appendix to Appellant Opening Brief | 0.75 |
|---|---|---|---|

**[Ruling: Disallowed in part. Task more appropriate to be performed by paralegal staff. Allowed time: 0.20]**

| 5/1/2013 | CLR | Review of certificate of readiness by bankruptcy court clerk and briefing schedule issued by district court. Review of district court's Notice re bankruptcy record complete, briefing schedule and notice of entry | 0.75 |
|---|---|---|---|

**[Ruling: Disallowed in part. Time billed excessive for task to review court documents.  Allowed time: 0.30]**

| 5/9/2013 | CLR | Review of excerpts of record for submission with Appellant Opening Brief | 2.75 |
|---|---|---|---|

| 5/10/2013 | CLR | Prepare and file request for extension of time to file opening brief, Declaration re same; legal research regarding same | 2.50 |
|---|---|---|---|

**[Ruling: Disallowed in part.  Time billed excessive for task of preparing request to file a late appellate brief.  Noncompensable basic legal research (how to apply to file a late brief).  Filing of document is a paralegal function and not chargeable at attorney rate.  Allowed time: 1.00]**

| 5/12/2013 | CLR | Prepare Appellant Opening Brief in district court appeal case; review of trial record re same; legal research | 4.50 |
|---|---|---|---|
| 5/13/2013 | CLR | Prepare Appellant Opening Brief in district court appeal case; review of trial record re same; review of order denying extension of time for filing Appellant Opening Brief | 4.75 |
| 5/14/2013 | CLR | Prepare Appellant Opening Brief in district court appeal case; review of trial record re same | 4.25 |
| 5/15/2013 | CLR | Prepare Appellant Opening Brief in district court appeal case; review of trial record re same | 3.75 |
| 5/16/2013 | CLR | Prepare Appellant Opening Brief in district court appeal case; review of trial record re same | 4.25 |
| 5/17/2013 | CLR | Review of court docket and notice from court re filing of Appellant Opening Brief | 0.50 |

**[Ruling: Disallowed in part. Time billed excessive for task to review court documents.  Allowed time: 0.20]**

33

| | | | |
|---|---|---|---|
| 6/24/2013 | CLR | Review of supplemental excerpt of record filed by appellee Han in appeal to district court | 1.00 |
| 7/10/2013 | CLR | Review of final order of district court; review of order of bankruptcy court; planning | 1.25 |

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-133768

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Rocio
Fernandez)
(US District Court Appeal)

# Professional Time Records

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| | | Initials: CLR | 96.75 |

Initials: **EPR**

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 4/22/2013 | EPR | Review response to Order to Show Cause prior to filing | 0.50 |
| 5/10/2013 | EPR | Research, Draft, and File Request for Extension | 2.25 |
| | | **[Ruling: Disallowed in full. Other counsel was primarily responsible for drafting and filing the request for extension (Raisner). Allowed time: 0.00].** | |
| 5/13/2013 | EPR | Research, draft, discuss AOB regarding willful for purposes of 523(a)(6) and L.C. Section 203 | 5.25 |
| | | **[Ruling: Disallowed in part. Lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner). Some time allowed of other counsel to prepare and draft appellant's opening brief, but some time allowed for counsel to review. Allowed time: 2.00].** | |
| 5/14/2013 | EPR | Research and draft AOB regarding 523(a)(2) | 7.50 |
| | | **[Ruling: Disallowed in full. Lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner). Some time allowed other counsel to prepare and draft appellant's opening brief.  Allowed time: 0.00].** | |
| 5/15/2013 | EPR | Research and draft AOB | 7.50 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner). Allowed time: 0.00].** | |
| 5/16/2013 | EPR | Research, draft, edit, finalize AOB | 11.25 |
| | | **[Ruling: Disallowed in full. Vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner). Allowed time: 0.00].** | |
| 5/17/2013 | EPR | Deal with filing error | 0.50 |
| 6/4/2013 | EPR | Review ex parte application; research/draft/file response to application | 1.75 |
| | | **[Ruling: Disallowed in part. Unnecessary amount of time spent drafting a response. Allowed time: 1.00].** | |
| 6/6/2013 | EPR | Discuss application of Bullock v. Bankchampaign to case | 0.25 |

|  |  | 7/24/2013 | EPR | Review order and proceedings |  |
|---|---|---|---|---|---|

Initials: EPR    37.25

Initials: **ERN**

| 3/6/2013 | ERN | Review of District Court filings re appeal of Judgment from Bankruptcy Court (adversary case no. 2:11AP2632 RK) to determine deadlines triggered | 0.75 |
|---|---|---|---|
| 4/11/2013 | ERN | Review of Order to Show Cause to determine deadline for Appellant to show cause in writing why the appeal should not be dismissed for lack of prosecution & failure to comply with applicable rules | 0.25 |
| 5/1/2013 | ERN | Review of Bankruptcy Court's Certificate of Readiness and District Court's Notice of Bankruptcy Appeal Briefing to determine deadlines Triggered | 0.50 |
| 5/2/2013 | ERN | Review of Amended Notice of Appeal to determine revised briefing schedule triggered | 0.25 |
| 5/15/2013 | ERN | Preparation of Appellant's Appendix for filing | 1.50 |
| 6/6/2013 | ERN | Review of Order re Amending Briefing Schedule to determine revised deadlines triggered | 0.25 |
| 7/3/2013 | ERN | Review of Tentative Order entered deciding bankruptcy appeal to determine deadline triggered (re non-dischargeability of Han's debts re wages of his employees Alma Castro, Angelina Marquez Juarez & Rosa Maria Camacho Fernandez ) | 0.25 |

# Weinberg, Roger & Rosenfeld

Matter Number: ZMC1374-133768

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Record

# Professional Time Records

Fernandez)
(US District Court Appeal)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| | | | Initials: ERN __3.75__ |
| **Initials: JC** | | | |
| 3/25/2013 | JC | Prepare chronological table of contents for Appellants' Appendix ; | 3.00 |
| 3/26/2013 | JC | Complete chronological table of contents for Appellants' Appendix; bates label documents; insert page numbers into table of contents | 3.50 |
| 4/11/2013 | JC | Retrieve transcript of proceedings of Sept 13, 2012; prepare for use as exhibits | 0.50 |
| 4/29/2013 | JC | Complete inserting page numbers into chronological table of contents for excerpts of record; tab same | 1.75 |
| 5/14/2013 | JC | Bates label trial transcript for inclusion in Appellant's Appendix AA 2699 - AA 2787; preparation of Appellant's Appendix for filing | 2.25 |
| 5/15/2013 | JC | Preparation of Appellant's Appendix for filing; update individual volume indexes | 3.00 |
| | | | Initials: JC __14.00__ |
| **Initials: JDM** | | | |
| 4/17/2013 | JDM | Review of file/documents; conference with Chris Raisner re Order to Show Cause; research re same | 2.50 |
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel performed work on responding to order to show cause for failing to comply with district court deadlines (Raisner); basic noncompensable research. Allowed time: 0.00]** | |
| 4/18/2013 | JDM | Review of file/documents; legal research re appeal; conference with Chris Raisner; Review of record for appeal | 4.50 |
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel (Raisner) was primarily responsible for drafting appellate brief; basic noncompensable research Allowed time: 0.00]** | |

| 5/2/2013 | JDM | Review of file/documents;  legal research re appeal and opposition; conference with Chris Raisner | 2.25 |

**[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research.  Allowed time: 0.00]**

| 5/13/2013 | JDM | Review of file/documents;  legal research re appeal; research re factual record; conference with  Emily  Rich and Chris Raisner | 6.00 |

**[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research.  Allowed time: 0.00].**

| 5/14/2013 | JDM | Review of file/documents;   legal  research re appeal; conference with Emily Rich; legal research re 523(a)(2); draft of argument section on Fraud | 10.00 |

**[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research. Allowed time: 0.00].**

| | | | |
|---|---|---|---|
| 5/15/2013 | JDM | Review of file/documents;  legal research re appeal; conference with Emily Rich and Chris Raisner;  draft of fact section; drafting and editing of brief | 10.00 |

**[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research.  Allowed time: 4.00].**

| | | | |
|---|---|---|---|
| 5/16/2013 | JDM | Review of file/documents;  legal research re appeal; research re standard; research re ignorance of the law; conference with Emily Rich; conference with Chris Raisner;  drafting of and editing of brief | 10.00 |

**[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research.  Allowed time: 0.00].**

Weinberg, Roger & Rosenfeld

Matter Number: ZMC1374-133768

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Rocio

## Professional Time Records

Fernandez)
(US District Court Appeal)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| 6/4/2013 | JDM | Review of file/documents;  Review of ex parte motion; legal research re ex parte motion; conference with Emily Rich; | 3.00 |
| | | **[Ruling: Disallowed in full. Other counsel was primarily responsible for drafting response to ex parte motion (Raisner).  Allowed time: 0.00].** | |
| 6/6/2013 | JDM | Review of file/documents;  conference with Jolene Kramer, Chris Raisner, and Emily Rich re Bullock standard and case strategy | 0.25 |
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner). Allowed time: 0.00].** | |
| 6/20/2013 | JDM | Review of file/documents;  Review of Han's filings; conference with Emily Rich | 2.00 |
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner).  Allowed time: 0.00].** | |
| 6/21/2013 | JDM | Review of file/documents;  legal research re Reply Brief; research re Han's argument re collateral estoppel; research re standard of Review | 6.50 |
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner). Allowed time: 0.00].** | |
| 6/26/2013 | JDM | Review of file/documents;  legal research re Han's brief, research re ignorance of the law; draft of standard of Review and 523(A)(2) arguments | 5.25 |
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research. Allowed time: 0.00].** | |

| 6/27/2013 | JDM | Review of file/documents;  legal research re Reply Brief, conference with Chris Raisner;  draft of remaining argument sections;  edits to brief | 6.25 |
|---|---|---|---|
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research. Allowed time: 0.00].** | |
| 7/2/2013 | JDM | Review of file/documents;  legal research re oral argument; conference with Chris Raisner | 3.00 |
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner).  Allowed time: 0.00].** | |
| 7/3/2013 | JDM | Review of file/documents;  legal research re oral argument; Review of Judge's tentative; telephone conference with opposing counsel; email exchange with Emily Rich and Chris Raisner | 3.00 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner). Allowed time: 0.30].** | |
| 7/8/2013 | JDM | Review of file/documents;  telephone conference with opposing counsel; research re appeal; telephone conference with court clerk | 3.00 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research.  Allowed time: 0.40].** | |
| 7/10/2013 | JDM | Review of file/documents;  telephone conference with opposing counsel; research re judgment;  research re procedural posture | 3.50 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research.  Allowed time: 0.30].** | |
| 7/16/2013 | JDM | Review of file/documents;  legal research re appeal; research re stipulation; telephone conference with opposing counsel re stipulation proposal; conference with Chris Raisner | 3.25 |
| | | **[Ruling: Disallowed in part. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research. Allowed time: 0.30].** | |
| 7/23/2013 | JDM | Review of file/documents;  legal research re opposing counsel's filing; Review of filing; legal research re opposition to filing; draft of opposition | 5.00 |

41

and case status statement; research re post-judgment interest

**[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief (Raisner); basic noncompensable research. Allowed time: 0.00].**

Initials: JDM            89.25

Initials: JEK

| 5/14/2013 | JEK | Correspondence with Emily Rich, Chris Raisner and Jordan Mazur re arguments in briefing | 0.50 |
|---|---|---|---|
| | | **[Ruling: Disallowed in full. Lack of necessity and unnecessary duplication of work since other counsel was primarily responsible for drafting appellate brief (Raisner).  Allowed time: 0.00].** | |
| 6/6/2013 | JEK | Conference concerning impact of Bullock | 0.25 |
| | | **[Ruling: Disallowed in full. Lack of necessity and unnecessary duplication of work since other counsel was primarily responsible for drafting appellate brief (Raisner). Allowed time: 0.00].** | |

Initials: JEK                          0.75

**Weinberg, Roger & Rosenfeld**

Matter Number: ZMC1374-133768

Han, Chang Sup
(Alma L. Castro; Angelina Juarez; Recio

# Professional Time Records

Fernandez)
(US District Court Appeal)

| Date | Prof | Narrative | Hours |
|------|------|-----------|-------|
| Initials: TF | | | |
| 2/27/2013 | TF | Research on issues for possible appeal; e-mail correspondence with committee reviewing strategy for appeal | 2.00 |
| | | **[Ruling: Disallowed in full. Lumping of services; vague, insufficient description of work performed; lack of necessity for work since other counsel was primarily responsible for drafting appellate brief. Allowed time: 0.00].** | |
| | | Initials: TF | 2.00 |
| Initials: TRA | | | |
| 5/17/2013 | TRA | Retrieve, review, save, print, copy and distribute court notice documents | 0.25 |
| 7/11/2013 | TRA | Review of applicable rules to determine due date triggered by final judgment or order entered | 0.25 |
| 8/14/2013 | TRA | Assist with spanish phone call from Angelina Marquez | 0.25 |
| | | Initials: TRA | 0.75 |
| | | Grand Total | 244.50 |

# Trial Level

| Christian L. Raisner (Billed) | Christian L. Raisner (Allowed) | Christian L. Raisner (Reduction) |
|---|---|---|
| 1.25 | 1.25 | |
| 2 | 0.6 | |
| 3 | 1 | |
| 3 | 3 | |
| 1.5 | 1.5 | |
| 1 | 1 | |
| 2.25 | 2.25 | |
| 0.5 | 0 | |
| 0.75 | 0 | |
| 1.75 | 0.2 | |
| 0.5 | 0 | |
| 1.25 | 0.5 | |
| 0.5 | 0.1 | |
| 0.5 | 0 | |
| 1 | 0 | |
| 1 | 0.1 | |
| 1 | 0 | |
| 2.5 | 2.5 | |
| 4.25 | 4.25 | |
| 1.75 | 1.75 | |
| 4.25 | 4.25 | |
| 5.25 | 5.25 | |
| 3.75 | 3.75 | |
| 6.5 | 6.5 | |
| 1.75 | 1 | |
| 2.75 | 2.75 | |
| 3.25 | 3.25 | |
| 1.75 | 1.75 | |
| 3.75 | 3.75 | |
| 2.5 | 0 | |
| 3.5 | 3.5 | |
| 3.5 | 0 | |
| 2.25 | 2.25 | |
| 0.5 | 0.2 | |
| 2.75 | 0 | |
| 2 | 0.8 | |
| 0.25 | 0.2 | |
| 3.25 | 1 | |
| 4.25 | 4.25 | |
| 1.75 | 1.75 | |
| 90.75 | 66.2 | 24.55 |
| Total Reduction | 24.55 x 645 = | $15,834.75 |

| Catherine T. Matthews (Billed) | Catherine T. Matthews (Allowed) | Catherine T. Matthews (Reduction) |
|---:|---:|---:|
| 1 | 0.4 | |
| 0.25 | 0 | |
| 0.75 | 0 | |
| 0.5 | 0 | |
| 0.5 | 0 | |
| 1.5 | 1.5 | |
| 0.75 | 0.75 | |
| 0.25 | 0 | |
| 4 | 4 | |
| 1.5 | 1.5 | |
| 0.25 | 0.25 | |
| 1.5 | 1.5 | |
| 8 | 8 | |
| 1.5 | 1.5 | |
| 2 | 0.5 | |
| 0.5 | 0.5 | |
| 0.5 | 0.5 | |
| 0.5 | 0.5 | |
| 0.75 | 0.75 | |
| 0.5 | 0.25 | |
| 27 | 22.4 | 4.6 |
| Total Reduction | 4.6 x 275 = | $1,265.00 |

| Emily P. Rich (Billed) | Emily P. Rich (Allowed) | Emily P. Rich (Reduction) |
|---:|---:|---:|
| 0.5 | 0 | |
| 2.25 | 0 | |
| 0.4 | 0 | |
| 0.25 | 0 | |
| 0.5 | 0 | |
| 1 | 0.25 | |
| 3.5 | 1 | |
| 0.5 | 0 | |
| 6 | 6 | |
| 1 | 0 | |
| 1.5 | 0.5 | |
| 0.75 | 0 | |
| 0.25 | 0 | |
| 0.75 | 0 | |
| 0.75 | 0.75 | |
| 1 | 0 | |
| 0.5 | 0 | |
| 2 | 0 | |
| 2.5 | 0 | |
| 3.25 | 0 | |
| 4 | 0 | |
| 0.5 | 0 | |
| 3.75 | 0 | |
| 3.5 | 0 | |
| 0.25 | 0 | |
| 1.75 | 0 | |
| 0.75 | 0 | |
| 0.5 | 0 | |
| 0.25 | 0.1 | |
| 44.4 | 8.6 | 35.8 |
| Total Reduction | 35.8 x 595 = | $21,301.00 |

| ERN   (Billed) | ERN (Allowed) | ERN (Reduction) |
|---|---|---|
| 0.5 | 0.2 | |
| 0.5 | 0 | |
| 0.5 | 0.2 | |
| 0.25 | 0.25 | |
| 1 | 0.2 | |
| 0.25 | 0.1 | |
| 3 | 0.95 | 2.05 |
| Total Reduction | 2.05 x 300 = | $615.00 |

| JC      (Billed) | JC (Allowed) | JC (Reduction) |
|---|---|---|
| 2.25 | 2.25 | |
| 1.75 | 1.75 | |
| 1.25 | 0 | |
| 0.25 | 0.1 | |
| 0.25 | 0.1 | |
| 5.75 | 4.2 | 1.55 |
| Total Reduction | 1.55 x 300 = | $465.00 |

| Jordan D. Mazur (Billed) | Jordan D. Mazur (Allowed) | Jordan D. Mazur (Reduction) |
|---|---|---|
| 3.5 | 2.5 | |
| 3.75 | 2 | |
| 3 | 1 | |
| 1 | 0.5 | |
| 1.5 | 1 | |
| 6.75 | 1 | |
| 4.25 | 3 | |
| 1.75 | 1 | |
| 2.75 | 1 | |
| 2.5 | 1 | |
| 1 | 0.5 | |
| 1 | 0.3 | |
| 1 | 0.5 | |
| 2.75 | 1 | |
| 1.75 | 1.75 | |
| 2 | 2 | |
| 9.25 | 2 | |
| 3.75 | 2 | |
| 2.5 | 2 | |
| 0.5 | 0.2 | |
| 0.5 | 0.2 | |
| 1.5 | 0.5 | |
| 2.5 | 1 | |
| 9.25 | 3 | |
| 6.5 | 3 | |
| 7 | 2 | |
| 2.25 | 0.5 | |
| 1.25 | 0.5 | |
| 1.75 | 0.7 | |
| 1.75 | 1 | |
| 1.5 | 1.5 | |
| 8.5 | 2.5 | |
| 1 | 1 | |
| 2.75 | 0 | |
| 3.25 | 1 | |
| 0.5 | 0.5 | |
| 2.25 | 0 | |
| 5 | 5 | |
| 2 | 0 | |
| 2.25 | 0 | |
| 2 | 0.5 | |
| 7 | 3.5 | |
| 10.5 | 3.5 | |
| 7.5 | 3 | |
| 5.5 | 2 | |

| | | |
|---:|---:|---:|
| 5 | 3 | |
| 4 | 2 | |
| 8.5 | 3.5 | |
| 8.25 | 3.5 | |
| 1.25 | 0 | |
| 4.75 | 0 | |
| 2.75 | 1 | |
| 1.5 | 0.5 | |
| 4.75 | 2 | |
| 5 | 1.5 | |
| 6 | 2.5 | |
| 5 | 1 | |
| 7.5 | 1.5 | |
| 4.25 | 0 | |
| 4.25 | 0 | |
| 2.25 | 0.5 | |
| 4 | 0 | |
| 4.5 | 0 | |
| 4.75 | 0 | |
| 5 | 0 | |
| 5 | 0 | |
| 4 | 0 | |
| 2 | 0 | |
| 2 | 0 | |
| 2 | 0 | |
| 3 | 0 | |
| 263.25 | 85.15 | 178.1 |
| Total Reduction | 178.1 x 375 = | $66,787.50 |

| Jolene E. Kramer (Billed) | Jolene E. Kramer (Allowed) | Jolene E. Kramer (Reduction) |
|---|---|---|
| 0.5 | 0.5 | |
| 4 | 4 | |
| 4.5 | 4.5 | 0 |
| Total Reduction | | $0.00 |

| TRA    (Billed) | TRA (Allowed) | TRA (Reduction) |
|---:|---:|---:|
| 0.25 | 0.25 | |
| 3.5 | 3.5 | |
| 0.25 | 0.25 | |
| 0.25 | 0.25 | |
| 4.25 | 4.25 | |
| 3.75 | 3.75 | |
| 0.75 | 0.75 | |
| 0.5 | 0.5 | |
| 0.25 | 0.25 | |
| 0.25 | 0.25 | |
| 0.5 | 0.5 | |
| 0.5 | 0.5 | |
| 0.25 | 0.25 | |
| 0.5 | 0.5 | |
| 0.5 | 0.5 | |
| 0.25 | 0.25 | |
| 0.25 | 0.25 | |
| 0.5 | 0.5 | |
| 0.25 | 0.25 | |
| 0.25 | 0.25 | |
| 0.25 | 0.25 | |
| 0.25 | 0.25 | |
| 0.25 | 0.25 | |
| 0.25 | 0.25 | |
| 4.75 | 4.75 | |
| 2.5 | 2.5 | |
| 0.25 | 0.25 | |
| 0.25 | 0.25 | |
| 26.75 | 26.75 | 0 |
| Total Reduction | | $0.00 |

| Yuri Y. Gottesman (Billed) | Yuri Y. Gottesman (Allowed) | Yuri Y. Gottesman (Reduction) |
|---|---|---|
| 2 | 2 | |
| 0.5 | 0.5 | |
| 0.5 | 0.5 | |
| 3 | 3 | 0 |
| Total Reduction | | $0.00 |

# Appellate Level

| Christian L. Raisner (Billed) | Christian L. Raisner (Allowed) | Christian L. Raisner (Reduction) |
|---:|---:|---:|
| 4.75 | 2 | |
| 4.25 | 1 | |
| 2.5 | 0 | |
| 4 | 2 | |
| 2 | 0.2 | |
| 4.75 | 2 | |
| 4.5 | 1.5 | |
| 0.5 | 0.5 | |
| 3.25 | 1.5 | |
| 1.75 | 0 | |
| 2 | 0 | |
| 1.75 | 0 | |
| 2.25 | 0 | |
| 1 | 1 | |
| 3.75 | 1 | |
| 2.25 | 2.25 | |
| 4.75 | 1.5 | |
| 4.5 | 4.5 | |
| 2.75 | 1.5 | |
| 4 | 0 | |
| 2.25 | 0 | |
| 1.25 | 1.25 | |
| 1 | 0 | |
| 0.75 | 0.2 | |
| 0.75 | 0.3 | |
| 2.75 | 2.75 | |
| 2.5 | 1 | |
| 4.5 | 4.5 | |
| 4.75 | 4.75 | |
| 4.25 | 4.25 | |
| 3.75 | 3.75 | |
| 4.25 | 4.25 | |
| 0.5 | 0.2 | |
| 1 | 1 | |
| 1.25 | 1.25 | |
| 96.75 | 51.9 | 44.85 |
| Total Reduction | 44.85 x 645 = | $28,928.25 |

| Emily P. Rich (Billed) | Emily P. Rich (Allowed) | Emily P. Rich (Reduction) |
|---|---|---|
| 0.5 | 0.5 | |
| 2.25 | 0 | |
| 5.25 | 2 | |
| 7.5 | 0 | |
| 7.5 | 0 | |
| 11.25 | 0 | |
| 0.5 | 0.5 | |
| 1.75 | 1 | |
| 0.25 | 0.25 | |
| 0.5 | 0.5 | |
| 37.25 | 4.75 | 32.5 |
| Total Reduction | 32.5 x 595 = | $19,337.50 |

| ERN (Billed) | ERN (Allowed) | ERN (Reduction) |
|---:|---:|---:|
| 0.75 | 0.75 | 0 |
| 0.25 | 0.25 | 0 |
| 0.5 | 0.5 | 0 |
| 0.25 | 0.25 | 0 |
| 1.5 | 1.5 | 0 |
| 0.25 | 0.25 | 0 |
| 0.25 | 0.25 | 0 |
| 3.75 | 3.75 | 0 |
| Total Reduction | | $0.00 |

| JC    (Billed) | JC (Allowed) | JC (Reduction) |
|---|---|---|
| 3 | 3 | 0 |
| 3.5 | 3.5 | 0 |
| 0.5 | 0.5 | 0 |
| 1.75 | 1.75 | 0 |
| 2.25 | 2.25 | 0 |
| 3 | 3 | 0 |
| 14 | 14 | 0 |
| Total Reduction | | $0.00 |

| Jordan D. Mazur (Billed) | Jordan D. Mazur (Allowed) | Jordan D. Mazur (Reduction) |
|---|---|---|
| 2.5 | 0 | |
| 4.5 | 0 | |
| 2.25 | 0 | |
| 6 | 0 | |
| 10 | 0 | |
| 10 | 4 | |
| 10 | 0 | |
| 3 | 0 | |
| 0.25 | 0 | |
| 2 | 0 | |
| 6.5 | 0 | |
| 5.25 | 0 | |
| 6.25 | 0 | |
| 3 | 0 | |
| 3 | 0.3 | |
| 3 | 0.4 | |
| 3.5 | 0.3 | |
| 3.25 | 0.3 | |
| 5 | 0 | |
| 89.25 | 5.3 | 83.95 |
| Total Reduction | 83.95 x 375 = | $31,481.25 |

| Jolene E. Kramer (Billed) | Jolene E. Kramer (Allowed) | Jolene E. Kramer (Reduction) |
|---|---|---|
| 0.5 | 0 | 0.5 |
| 0.25 | 0 | 0.25 |
| 0.75 | 0 | 0.75 |
| Total Reduction | .75 x 375 = | $281.25 |

| Theodore Franklin (Billed) | Theodore Franklin (Allowed) | Theodore Franklin (Reduction) |
|---|---|---|
| 2 | 0 | 2 |
| 2 | 0 | 2 |
| Total Reduction | 2 x 595 = | $1,190.00 |

| TRA   (Billed) | TRA (Allowed) | TRA (Reduction) |
|---:|---:|---:|
| 0.25 | 0.25 | 0 |
| 0.25 | 0.25 | 0 |
| 0.25 | 0.25 | 0 |
| 0.75 | 0.75 | 0 |
| Total Reduction | | $0.00 |

# Breakdown

|  | Total Reduction |
|---|---|
| CLR (trial) | $15,834.75 |
| CLR (appeal) | $28,928.25 |
| CTM (trial) | $1,265.00 |
| EPR (trial) | $21,301.00 |
| EPR (appeal) | $19,337.50 |
| ERN (trial) | $615.00 |
| JC (trial) | $465.00 |
| JDM (trial) | $66,787.50 |
| JDM (appeal) | $31,481.25 |
| JEK (appeal) | $281.25 |
| TF (appeal) | $1,190.00 |
|  | $187,486.50 |
| Total Request | $326,353.00 |
| Amount awarded | $138,866.50 |